## John Airey, Appellant, v. Mary Ann Kunkle.

*Deeds—Contradictory description of land.*

Where two deeds to different grantees for adjoining lots fronting on a
street described the lots as of a certain width, extending of that width be-
tween parallel lines at right angles with the said street, and it appears
that by reason of a prior sale by the common grantor the effect of making
them parallel lines at right angles with the street would be to narrow one
of the lots over six feet at one end, the words " at right angles with the
street " must be in law stricken from both deeds, it being plain that the
true intent of the deed was to give lots of the same width at each end be-
tween parallel lines.

Argued Jan. 11, 1899.   Appeal, No. 236, Jan. T., 1898, by
plaintiff, from judgment of Superior Court, Nov. T., 1896,
No. 182, affirming judgment of C. P. No. 2, Phila. Co., Dec. T.,
1895, No. 1247, on case stated.    Before STERRETT, C. J., GREEN,
WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Af-
firmed.

Appeal from Superior Court.

The case was reported in 7 Pa. Superior Ct. 112, where the
facts are fully stated.

*Error assigned* was in affirming the judgment of the common pleas.

*Alex. Simpson, Jr.,* for appellant.

*W. Horace Hepburn,* for appellee.

OPINION BY MR. JUSTICE FELL, February 27, 1899:

The principles which control the decision of this case have been so fully considered in the opinions filed in the common pleas and in the Superior Court that it is needless to enter upon a discussion of them.

The intent of Howell in 1874 to convey to Schmid and Arleth each a lot forty feet front on 48th street, and extending back of that width between parallel lines, is clear beyond doubt. Under the mistaken assumption that 48th street and Westminster avenue were at right angles to each other the scrivener described the north and south lines as not only parallel with each other, but at right angles to 48th street. As Howell had before conveyed the lot which bounded the Schmid lot on the north by lines parallel to Westminster avenue, it was not possible that the north line of the Schmid lot should be at right angles to 48th street. Howell owned land to the south, and each of his grantees got a lot of a uniform width of forty feet.

The effect of the appellant's contention is to apply the well-settled rule, that where land is described by courses and distances and also by calls for adjoiners, and there is a discrepancy, the latter invariably govern, to one lot and to deny its application to the other. If he stands on Arleth's rights he is bound by the proper construction of the deed to Schmid for the land which answered the call for his northern boundary. If he stands upon the rights of Howell, the common grantor, reacquired as to the Arleth lot by purchase in 1893, he is bound by the elder title.

The judgment is affirmed.