## Barr Township Road.

*Appeals—Assignments of error—Road law—Exceptions.*

On an appeal in a road case an assignment of error that "the court erred in dismissing the exceptions and confirming the report of viewers," violates rule 14 which requires that "each error relied on must be assigned particularly and by itself." In such a case the appeal will be quashed.

*Road law—Continuance—Term to term.*

Where the court in a road case has the report of viewers and exceptions in its hands, it is not bound to decide at the next term of court, nor is it necessary while the case is under consideration to mark it continued at each term.

Argued May 1, 1905. Appeal, No. 103, April T., 1905, from order of Q. S. Cambria Co., dismissing exceptions to report of viewers In re order to view road in Barr Township, Cambria County. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Appeal quashed.

Exceptions to report of viewers.

*Errors assigned* were as follows: 1. The court erred in dismissing the exceptions and confirming the report of viewers. 2. The court erred in allowing March Term to intervene without marking the case " continued."

*E. A. Shoemaker*, for appellant.

*John E. Evans,* with·him *J. W. Leech,* for appellee.

OPINION BY BEAVER, J., October 9, 1905:

Our Rule XIV, which relates, among others, to assignments of error, provides that " Each error relied on must be assigned particularly and by itself. If any assignment embrace more than one point, or refer to more than one bill of exceptions, or raise more than one distinct question, it shall be considered a waiver of all the errors so alleged."

The first assignment of error in this case is : ".The court erred in dismissing the exceptions and confirming the report of viewers." There were nine exceptions in the court below. They were all dismissed. As to the dismissal of which one of them is error alleged ? We cannot tell. In addition to this, the exceptions dismissed are not quoted in the assignment of error. When, therefore, the record from the court below would be remitted, after this court had disposed of the case, there would be nothing on our records to show what the exceptions were, unless they were copied in the opinion of the court. These valid objections to the sufficiency of the assignments of error are made by the appellee, and we are asked to quash the appeal on that ground. The objections are well taken. The rule has been palpably violated and the appeal must be quashed, unless there be other grounds upon which it can be sustained.

This subject has been many times discussed, both in our court and in the Supreme Court, our rules being practically the same. Nowhere perhaps are the grounds for the reasonableness of the rule more fully stated than in Cessna's Estate, Kunkel's Appeal, 192 Pa. 14, in which it is said : " As to appellee's motion to squash the appeal for violation of our rules relating to assignments of error, it is only necessary to repeat, in substance, what has so often been said in Landis v. Evans, 113 Pa. 332, and many other cases, that assignments of error are an essential part of the pleadings in this· court and, as such, they should be so complete in themselves as not to require reference to other parts of the record presented for our consideration. When the cause is disposed of by us and the record is remitted to the court below, all that usually remains of record here are the præcipe, assignments of error and pleas

thereto. These should be so complete in themselves as to show the basis of our judgment or decree, as the case may be. It must, therefore, be obvious to every reflecting mind that each specification of error respectively should, in and by itself, present the question we are called upon to decide."

The second and only remaining specification of error is that " The court erred in allowing March term to intervene, without marking the case continued." The report of the viewers was confirmed nisi, with the usual order as to width, January 19, 1904. Exceptions were filed to the report on the same day. These exceptions were dismissed June 6, 1904. It does not appear anywhere in the record that there was a term of the quarter sessions intervening, but, in any event, the court, having the report and exceptions in its hands, is not bound to decide at the next term of the court, nor is it necessary while the case is under consideration to mark it continued at each term, as is the case where the viewers fail to report " to the next term of the said court," as provided by Sec. 3 of the Act of June 13, 1836, P. L. 551. This assignment of error is not argued in appellant's paper-book, but we see no substance in it, and the motion to quash must, therefore, prevail.

Appeal quashed.