In Re: Petition of Boro. of Churchill.

Argued October 30, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*G. Malcolm McDonald*, and with him *William N. Mc-Nair, S. R. McClure* and *William C. McDowell*, for appellants.

*R. A. McCrady* and *M. H. Hirschfield*, for appellees.

Opinion by Trexler, P. J., February 1, 1934:

This is an appeal from the action of the lower court incorporating a borough. The only assignment of error is directed to the final decree entered by the court. In the Appeal of Upper Yoder Township, 74

Pa. Superior Ct. 291 (1920), where the only assignment of error was that the court erred in entering the decree we held that the judgment of the lower court must be affirmed unless it appear upon the face of the record that there is some jurisdictional defect. Under Rule No. 22 of this court, each "error relied upon must be specified particularly and by itself": Barr Township Road, 29 Pa. Superior Ct. 203; West Liberty Avenue, 70 Pa. Superior Ct. 348. The reasonableness of the rule of court is discussed in Cessna's Est., Kunkel's App., 192 Pa. 14, 43 A. 376; Landis v. Evans, 113 Pa. 332, 6 A. 908; Barr Twp. Road, supra.

We might dispose of the appeal without further comment. We will, however, refer briefly to the matters presented in appellant's brief. The Borough Code of 1927, P. L. 519, Section 201, provides that "the courts of quarter sessions may incorporate any town or village within their jurisdiction into a borough." Much emphasis is laid by the appellant upon the fact that there must be a town or village before a borough can be incorporated. This, we may assume to be correct, but what constitutes a village is very hard to define exactly. It is usually a small assemblage of houses collocated under a regular plan regarding streets and lanes. While in former years it was usually composed of houses that were comparatively close together, we cannot lose sight of the fact that in the more recent development of rural property adjacent to cities or towns, villages are formed with houses having larger areas surrounding them and the dwellings do not, strictly speaking, form a compact group. No one would say that to call such a collection of houses a village would be improper. Under the facts as presented in the case before us, this was purely a matter within the discretion of the lower court. We could not rule, as a matter of law, that the territory to be incorporated as a borough is not a village. There are 45 houses within the limits of the proposed bor-

ough. This, of course, would give if equally distributed, quite a large area of land to each house. Notwithstanding, we believe the court was right in considering the character of the neighborhood as being of a suburban character and that the houses being somewhat detached did not prevent the formation of a borough.

The effect on the rest of the township by the excision of the land required for the new borough and the value of the real estate in the borough as compared to the actual ownership of the petitioners were not determining factors in the matter. The fact that there are no stores or business places of any kind and that there are three cemeteries, one golf club and the part of another, one church and that the territory in question is supplied by water and has fire protection, are all matters that were for the consideration of the court. The opponents to the plan not residing in the area included in the new borough need not be concerned about the additional burdens to be laid upon the petitioners. The request of the petitioners to incorporate should be granted, if it appears that there is no lawful objection, Edgewood Borough, 130 Pa. 348, 353, 18 A. 646.

The decree is affirmed, appellants to pay the costs.