Pleasant Hills Borough Incorporation Case.
Jefferson Township Appeal et al.

Argued April 29, 1947. Before RHODES, P. J., HIRT,
RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Jason Richardson,* with him *Irwin I. Tryon,* for appellants.

*Louis Rosenberg,* for appellees.

OPINION BY HIRT, J., July 17, 1947:

The order incorporating the Borough of Pleasant Hills, before us in this appeal, will be affirmed.

There has been a rapid development and wide acceptance of the northwestern section of Jefferson Township in Allegheny County for residential purposes. The number of dwelling houses on the lands incorporated into the borough by order of court, has grown from 60 in 1939, to more than 800. The area comprises 1,660 acres of land—less than one-seventh of the total acreage of the township, but the assessed value of its property is more than one-half of that of the whole township. Within its borders a community has grown into a homogeneous town. There is abundant evidence that the township authorities have not provided adequately for the citizens of this area. To borrow from the language of *Duquesne Borough,* 147 Pa. 58, 23 A. 339, there is a community of interest calling for the establishment and maintenance of a local government adapted to their common necessities. As to this there is unanimity among almost all of the owners of land within the area. Of 1,415

freeholders about 1,000 joined in the petition for incorporation. The only dissents came from three farmers who sought to have their lands excluded.

It is no objection that farm lands were included in the incorporated area. Under Article II, section 206, of the Act of May 4, 1927, P. L. 519, 53 PS 12256, the governing statute, a court may, but is not obliged, to exclude farm lands from a borough on incorporation. Vacant lands may be appurtenant to a town and considered part of it if ". . . so related to the developed portion that it will naturally and within a reasonable time come to be built up and improved . . .": *So. Connellsville Boro. Incorporation,* 47 Pa. Superior Ct. 350. Here, one of the farms has been subdivided into building lots and the other two undoubtedly will be, in the not distant future. Moreover, these lands are in the same watershed as the remaining borough as incorporated and are essential to the proper functioning of any sewer or drainage system serving the area. The court properly refused to exclude the farms from the operation of its decree.

The incorporation of the borough was found to be expedient, also, for a number of other valid reasons and the decree cannot be disturbed on that ground inasmuch as abuse of discretion has not been shown. Abuse of discretion on the part of the court below must be distinctly charged and clearly established to upset a decree of incorporation. *Narberth Borough. Ellis's Appeal,* 171 Pa. 211, 33 A. 72. So much is conceded. But appellants contend that the proceeding is fatally defective in that the description does not comply with Article II, section 203, of the General Borough Act of May 4, 1927, supra, 53 PS 12253. That section provides: "The application shall set forth the title of the proposed borough, with a particular description of the boundaries thereof, exhibiting the courses and distances in words at length, and be accompanied with a plot of the same." In our view the applicants in this case have fully complied with the conditions prescribed by law both in the description set

forth in their petition and in the plot attached thereto. A petition which sets out the courses and distances, bounding the area to be incorporated, so plainly and accurately as to exclude any reasonable probability of mistake, complies with the statutory requirement of "a particular description of the boundaries thereof, exhibiting the courses and distances in words at length": *Edgeworth Borough,* 25 Pa. Superior Ct. 554.

The description and the plot attached to the petition were prepared on behalf of petitioners by a competent registered engineer, and the order of incorporation adopted the description of the land, so set forth, as the boundaries of the borough, without exclusions. The dividing line between West Mifflin Borough and Jefferson Township became the north boundary line of the Borough of Pleasant Hills as incorporated. Lewis Run Road intersects the southerly boundary line of the Borough of West Mifflin and that is the point of beginning in the description. Lewis Run Road is a State highway and its center line, extending southerly for "a distance of 2,450 feet, more or less to a point in the southerly line of property now or late of W. Brown" was adopted as an eastern boundary of the proposed borough. The designation of the center of a public highway as a boundary complies with the act, particularly and definitely. *Edgewood Borough,* 130 Pa. 348, 18 A. 646. And it is unimportant that the bearing of the highway is not indicated by reference to a common meridian or that the plot shows the road as straight whereas in strictness it is not. The purpose of this act, as of its predecessor, in requiring "that the courses and distances of the boundaries be set forth in words at length, was that the limits of the proposed borough should be established with accuracy and that all persons might know whether they were within or without the lines": *Moosic Borough Incorporation,* 12 Pa. Superior Ct. 353. Even the low water line of a river or of a meandering creek, when designated as a boundary line, is sufficient compli-

ance with the act. *Duquesne Borough,* supra; *Moosic Borough Incorporation,* supra. It is a familiar principal also that where land is described by courses and distances and also by permanent monuments on the ground, the courses and distances must give way to the monuments. *Ross v. Golden et ux.,* 344 Pa. 487, 25 A. 2d 700; *Donaldson v. Fellabum,* 68 Pa. Superior Ct. 347. The point of beginning of the description in this case is as definite as though fixed by monument (Cf. *Narberth Borough. Ellis's Appeal,* supra) and the "southerly property line of W. Brown being also the northerly property line now or late of S. Arch" just as definitely fixes the southern terminal of the course. The course begins at a call and ends at a call, both ascertainable on the ground. The engineer who prepared the description computed the distance along this course without measuring it, as "2,450 feet more or less". The law does not insist that measurements be made upon the ground. Calls for adjoiners make definite the distances between them however indefinitely stated in the description. *Ake v. Mason,* 101 Pa. 17; *Airey v. Kunkle,* 190 Pa. 196, 42 A. 533.

Petitioner's engineer did not consider it necessary to make an actual survey of the whole area in order to determine its boundaries with particularity, except in the southern area. There, he was obliged to run lines on the ground along a railroad, a cemetery and a part of one of the farms included in the description. The remaining calls, bearings and distances, excepting the course closing the plot, were taken from recorded deeds, and the angles represented by the calls in the deeds were "transcribed to conform to a common meridian." The result, from the use of these methods, was a particular description of the boundaries of the area from the southern call point in the Lewis Run Road on the east, to the intersection of the northwesternmost course with the south boundary line of West Mifflin Borough. The closing course of the description from that point is stated thus: "Thence southeastwardly along the boundary line

between the Borough of West Mifflin and the Township of Jefferson a distance of 9,450 feet, more or less to the center point of Lewis Run Road in the place of beginning."

There is no merit in appellants' contention that this closing course is general and not particular, because "it does not give any bearing reduced to a common meridian and it is indefinite in that it cannot be used at all until the municipal boundary is determined." West Mifflin Borough was incorporated by order of court in 1942. The boundaries of that Borough were established by the order but were not marked on the ground, thereafter, as they might have been. Appellants' engineer doubted that the boundary could be located on the ground from the "meagre" court records in the 1942 proceeding. But petitioners' engineer was positive that the southern line of West Mifflin Borough could be definitely determined by survey from the description recited by the court in the order of incorporation. Apparently the location of the line is as well known as though marked on the ground. There has been no dispute between the two municipalities as to its location, in the collection of taxes or otherwise. The lower court found that the boundary line between West Mifflin Borough and Jefferson Township had been definitely established. This was a question of fact for the court and its decision is binding upon us. *Eden Park Borough Incorporation*, 158 Pa. Superior Ct. 40, 43 A. 2d 529.

There is no merit in appellants' remaining contention that the court erred in limiting the cross-examination of witnesses as to the adverse financial effect of the incorporation on the remaining township. Certainly the loss of more than one-half of its tax revenue is a matter of concern to the township but it will not be in worse position than it would have been if it had assumed the financial burden of providing adequately for the needs of the community here involved. In any view, the disadvantages to the township supply no good reason for

denying the right of incorporation as a borough to residents seeking to attain an efficient local self-government suitable to their needs. The law never intended to protect a township in maintaining its boundaries intact at the expense of a town within its borders.

All of the conditions prescribed by law have been complied with in this case and the court cannot be charged with abuse of discretion in granting the prayer of the petition.

Order affirmed.