## Jefferson Borough Incorporation Case.

Argued November 15, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Alexander J. Bielski,* for exceptant, appellant.

*Leo Kostman,* with him *Irwin I. Tryon,* for appellee.

*Draza Musulin,* for Borough of Jefferson, intervening appellee.

PER CURIAM, January 14, 1949:

This is an appeal from an order of the Court of Quarter Sessions of Allegheny County overruling a demurrer to the petition for the incorporation of a borough.

Under the demurrer it was contended that the petition was fatally defective because (1) the proposed name of the new borough is "Borough of Jefferson," and that before the presentation of the petition there were one or more boroughs in Pennsylvania with the name "Borough of Jefferson"; and (2) that the description of the boundaries of the proposed borough is not correct or in conformity with law.

The order is interlocutory and the appeal will be quashed.

Section 209 of The General Borough Act of May 4, 1927, P. L. 519, as amended by the Act of July 10, 1947, P. L. 1621, §1, 53 PS §12259, provides that an appeal to the Superior Court may be had from any decree incorporating a borough by any person aggrieved thereby. No appeal is provided by the statute from an interlocutory order.

Moreover, the demurrer is a speaking demurrer, not being founded on the averments of the petition.

We may add that the name to be given the proposed borough is within the discretion of the court below. If evidence at the hearing discloses that inconvenience or confusion would result if the suggested name was approved, the court may act accordingly. In any event, the name adopted is within the control and discretion of the court below, and our review will be limited to determining whether there has been an abuse of judicial discretion. A decree of incorporation of a borough will not be set aside by this Court on appeal unless an abuse of discretion on the part of the court below is distinctly charged and clearly established. *Pleasant Hills Borough Incorporation Case*, 161 Pa. Superior Ct. 259, 261, 53 A. 2d 882.

Appeal is quashed.