Blandon Borough Incorporation Case.

Argued September 25, 1956. Before RHODES, P. J.,
GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.
(HIRT, J., absent).

*Carl F. Mogel*, with him *Snyder, Balmer & Kershner*, for appellants.

*R. Joseph Merkel*, for appellee.

OPINION BY WRIGHT, J., November 13, 1956:

The Court of Quarter Sessions of Berks County refused to authorize the creation of a borough from a portion of a second class township. As stated by counsel for appellants: "The only question involved in this case is whether or not the learned court below manifestly abused its discretion in dismissing the petition for incorporation".

On April 26, 1948, a petition, signed by a majority of the resident freeholders of the Village of Blandon, in the Township of Maidencreek, was presented to the court below, praying that the said village be incorporated as a borough. Notice of the presentation of the petition and of a hearing to be held thereon was duly given by publication. William Hoffa, a resident freeholder of the village, filed exceptions and objections to the petition. The Board of Supervisors of Maidencreek Township likewise filed exceptions and objec-

tions. Two petitions requesting that the application be refused, signed by freeholders and qualified electors, were also filed. Two days of hearing were held, with fifteen witnesses for the petitioners and seven for the respondents. From the testimony it appeared that the incorporation was sought by the petitioners because they believed that, by a borough form of government, they could best secure such things, inter alia, as street lights, water, fire and police protection, zoning, established grades and sidewalks, and supervised recreation.

On January 3, 1949, being satisfied that there should be a further investigation, the court below filed an opinion in which the matter was continued, "reserving to the parties interested the right to have a further hearing". In its opinion, the court found that the total area proposed to be incorporated contained 347 acres, of which approximately 171 acres was farm land; that the number of adult residents was 525, and the number of resident freeholders 254; that the total assessment of Maidencreek Township was $1,120,525; and that assessed value of the land to be included in the proposed borough was estimated at between $259,000 and $280,540. The court noted that the incorporation would deprive the township of almost one-fourth of its road taxes, but would relieve it of the care of only ten percent of its roads. The court further pointed out the difficulty of financing the desired projects in such a small borough by ordinary taxation, or even by bonded indebtedness.

Further hearings were held on October 31, 1950, October 26, 1954, and November 22, 1954. On August 1, 1955, after a view of the proposed borough by all three judges, the court below filed a second opinion with a final decree dismissing the petition. The court found that, following the first hearing, street lights

had been installed in the village; that the Board of Supervisors had created a municipal authority for the purpose of providing a water system; that the village was provided with fairly adequate fire protection; that a full-time policeman had been employed; that a zoning commission had been established for the township; and that streets had been added to the township highway system in the village. The court concluded that "any advantage to be gained by incorporation was overbalanced by the obvious disadvantages to all the people of Maidencreek Township as a community".

The incorporation of boroughs is governed by the provisions of The Borough Code, Act of July 10, 1947, P. L. 1621, 53 PS 12221 et seq. Section 204 of the statute (53 PS 12254) provides, inter alia, as follows: "The court, if it shall find, after hearing, that the conditions prescribed by this article have been complied with, *may* grant the prayer of the petitioners and make a decree accordingly, but, if the court shall deem further investigation necessary, it may make such order thereon as to right and justice shall appertain" (italics supplied).

A proceeding to incorporate a borough "is not in the nature of private litigation": *Linton Borough,* 5 Pa. Superior Ct. 35. Such a proceeding largely involves issues of fact and questions of expediency for the Court of Quarter Sessions: *Eden Park Borough Incorporation,* 158 Pa. Superior Ct. 40, 43 A. 2d 529; *Whitehall Borough Incorporation Case,* 161 Pa. Superior Ct. 397, 55 A. 2d 70; affirmed 358 Pa. 90, 55 A. 2d 746. In *Swoyerville Borough,* 12 Pa. Superior Ct. 118, it was said: "In the consideration of the questions of fact and expediency arising in such cases the judges of the quarter sessions, having personal knowledge of the territory sought to be incorporated and of the witnesses who tes-

tify as to the facts, are more likely to arrive at a correct conclusion, as to the municipal needs, than the members of a tribunal sitting at a distance from the scene of controversy, who are without full information as to local conditions". A decree of the court below in such proceeding will not be set aside on appeal unless an abuse of discretion is distinctly charged and clearly established: *Jefferson Borough Incorporation Case,* 163 Pa. Superior Ct. 568, 63 A. 2d 100. And see *Millcreek Borough,* 32 Pa. Superior Ct. 465. In *Lerten Appeal,* 168 Pa. Superior Ct. 516, 79 A. 2d 670, we stated: "When the court, by the exercise of its discretion, has reached a conclusion 'the party complaining of it on appeal has a heavy burden; it is not sufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power' ".

Appellants first contend that the lower court improperly considered the heavier tax burden which would fall upon the remaining portion of the township, citing *Pleasant Hills Borough Incorporation Case,* 161 Pa. Superior Ct. 259, 53 A. 2d 882; further, that the court below improperly considered the additional burden which would be laid upon the petitioners, citing *In Re: Petition of Borough of Churchill,* 111 Pa. Superior Ct. 380, 170 A. 319. So far as the *Pleasant Hills Borough* case is concerned, we note that the court below expressly states that "disadvantage to the remaining township, in itself, would not warrant us to deny the right of incorporation". Furthermore, we do not consider the *Churchill Borough* case authority for the proposition that the additional burden to be laid upon the residents of the proposed borough is not a matter

with which the court may properly be concerned. In any event, since protests were made, not only by residents of the remaining portion of the township, but also by persons who would be directly affected as residents of the proposed borough, all of whom were proper parties before the court, we perceive no abuse of discretion in the giving of consideration to the entire matter of tax burden as a part of the thorough study and analysis made by the court below.

Appellants' second contention is "that the learned court below manifestly abused its discretion in making an unreasonable judgment on the facts". They argue that the Township of Maidencreek did not act to supply needed municipal services to the Village of Blandon until after the petition for incorporation had been filed; and that "the record fails to disclose any facts from which the learned court below could have found a valid reason for dismissing the petition for incorporation". Their position apparently is that, unless there are technical objections, courts of quarter sessions must grant petitions for incorporation. However, that is not the intention of the legislature as we interpret the plain language of the statute. The use of the permissive verb "may" clearly indicates the vesting of discretion in the Court of Quarter Sessions.

It is our conclusion that appellants' burden to establish manifest abuse of discretion on the part of the court below has not been sustained.

Decree affirmed.