## Hazle Township Annexation Case.

Argued November 16, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*James P. Costello, Jr.,* with him *Leo T. Connor,* for appellant.

*Joseph J. Ustynoski,* with him *Elwood H. Jones,* for appellee.

OPINION BY ERVIN, J., March 20, 1957:

The Borough of West Hazleton passed an ordinance annexing three portions of Hazle Township, a second class township, following a petition signed by a majority of the freeholders of the annexed territory. A certified copy of the ordinance approving the annexation petition was filed in the Court of Quarter Sessions by the secretary of the borough on December 15, 1955. On January 12, 1956 a petition was filed in said court by Hazle Township Supervisors, the School District of Hazle Township and John and Anna Brogan, Michael and Catherine Matyas, taxpayers of the township, asking for the appointment of a board of commissioners as a fact finding body in accordance with the Act of 1953, July 20, P. L. 550, 53 PS §§111-118. On April 6, 1956 the lower court ordered the petitioners to file an amendment to their petition so as to allege facts showing why each of the petitioners is an aggrieved person under the above mentioned statute. On April 20, 1956 an amended petition was filed by the township supervisors, the township school district and the four

above mentioned taxpayers setting forth facts and reasons why they deemed themselves to be aggrieved because of the proposed annexation. On May 11, 1956 the Borough of West Hazleton obtained a rule to show cause why the amended petition should not be dismissed. On June 7, 1956 the lower court filed an order making the rule absolute as to Hazle Township School District and the individual taxpayers and their amended petition was dismissed. In the same order the rule to show cause was discharged as to Hazle Township. Hazle Township School District and the individual taxpayers then appealed to this Court.

The lower court determined that Hazle Township School District and the individual taxpayers of Hazle Township had not averred sufficient reasons in their petition to show that they were aggrieved persons within the meaning of §3 of the above mentioned 1953 act. The lower court likewise determined that Hazle Township was an aggrieved person but no hearing was ever held on the merits to determine either the legality or the propriety of the annexation because of the present appeals. Section 3 of the Act of 1953, July 20, P. L. 550, 53 PS §113, provides as follows: "If, within thirty days after the ordinance has been certified to the court, any person aggrieved by the ordinance shall complain to the court, asking for the appointment of a board of commissioners as a fact finding body, the court, if satisfied with the legality of the proceeding and the propriety of the annexation as serving public interests, shall appoint a board of three commissioners to make a study of the facts in the matter." The court would, after hearing, determine both the legality and the propriety of the annexation proceedings. The character and scope of an appeal from an annexation ordinance have been changed and enlarged by the Act of 1953.

Before it was enacted the proceedings in a case such as this would arise by an appeal from the annexation ordinance. The Borough Code, regulating an appeal from an annexation ordinance, expressly provided that *"the determination and order of the court thereon shall be conclusive."* (Emphasis added) On appeals to the appellate court the review was under a narrow certiorari and was limited to questions of jurisdiction and regularity of the proceedings of the court below. *Plum Twp. Annexation Case,* 178 Pa. Superior Ct. 376 (Allocatur refused ibid xxix), 116 A. 2d 260. Under the 1953 act the lower court appoints a board of three commissioners to make a study of the facts and the board must inquire into and make findings of fact as to (1) the relative advantages and disadvantages to the borough and the township affected by the annexation, (2) the assessed valuation of the township, the assessed valuation of the territory to be annexed, and how the annexation would affect the remainder of the territory, (3) the township indebtedness, (4) the value of all public improvements, including, but not limited to, roads, buildings and sewers in the territory to be annexed and the indebtedness chargeable thereto, (5) the future plan of the entire area, and (6) any other matters directed by the court. The court is directed to consider the findings of the board, together with any facts that may be submitted to it, and then make an order either dismissing the proceedings or affirming the annexation. If it affirms the annexation, the court is directed to adjust the indebtedness as provided by law. The 1953 act is silent as to an appeal from the lower court. Our scope of review under this act would be by broad certiorari and we would be obliged to consider the record, including the testimony, to determine whether the findings are supported by competent evidence and to correct any con-

clusions of law erroneously made. *Kaufman Const. Co. v. Holcomb,* 357 Pa. 514, 518, 519, 55 A. 2d 534; *Plum Twp. Annexation Case,* supra, pages 380, 381.

On the present appeal we are principally concerned with the question of who is an aggrieved person within the meaning of the language used in the Act of 1953. We agree with the decision of the lower court that the School District of Hazle Township was not an aggrieved person. This was flatly decided by our Court in *Irwin Borough Annexation Case,* 171 Pa. Superior Ct. 256, 265, 90 A. 2d 365, where it was said: "We have reviewed all the cases where the question has been touched upon by this Court and such review reveals that this is the first case since the enactment of the Public School Code of 1949 where the question of the jurisdiction of the court of quarter sessions to inquire into the prospective effect of an ordinance of annexation upon the finances of a township school district in determining propriety has been squarely raised. Accordingly, notwithstanding what we may have heretofore said by way of dictum, or otherwise, we now declare it to be our considered judgment and firm conviction that since the adoption of the Public School Code of March 10, 1949, P.L. 30, as amended by the Act of May 11, 1949, P.L. 1089, §1, 24 PS §§2-227-228, the decision as to the effect of annexation upon a school district of the third or fourth class 'is exclusively committed to the State Council of Education': Irwin Borough Annexation Case (No. 2), 165 Pa. Superior Ct. 134, 139, 140, 67 A. 2d 765." The action of the State Council of Education will be final. *Esbenshade v. Dept. of Public Instruction,* 181 Pa. Superior Ct. 232, 124 A. 2d 478, affirmed by the Supreme Court, 387 Pa. 281, 127 A. 2d 678.

We are convinced that the action of the lower court determining that the taxpayers of Hazle Township were not aggrieved persons is in error. When the lower court hears this matter on the merits it may well determine that the annexation proceedings are legal and proper as serving the public interest but we believe that the taxpayers of the township should be permitted to have their day in court. In their petition they set forth that the annexation will increase the burden of tax obligation in proportion to the loss suffered by the annexation and that they will be affected by the reduced operation of the system of roads, sewers, street lights and the like. In *Lansdowne Board of Adjustment's Appeal,* 313 Pa. 523, 525, 170 A. 867, our Supreme Court stated the law applicable to this subject as follows: "As well stated in 2 R.C.L. page 52, section 33: 'A cardinal principle, which applies alike to every person desiring to appeal, whether a party to the record or not, is that he must have a [direct] interest in the subject-matter of the [particular] litigation, otherwise he can have no standing to appeal. And not only must a party desiring to appeal have a [direct] interest in the particular question litigated, but his interest must be immediate and pecuniary, and not a remote consequence of the judgment. The interest must also be substantial.' " See also *Pa. Commercial Drivers Conference et al. v. Pa. Milk Control Commission et al.,* 360 Pa. 477, 483, 484, 62 A. 2d 9; *Seitz Liquor License Case,* 157 Pa. Superior Ct. 553, 556, 43 A. 2d 547. What was said by Judge KNIGHT in *Montgomery Township Annexation,* 4 D. & C. 2d 352, 355, is applicable to the present case: "There is no doubt that Montgomery Township and the individual taxpayers who have complained are aggrieved persons within the meaning of the Act of 1953, supra. To amputate a sizable section of Montgomery

Township is an operation in which all taxpayers of the township are interested, for to some extent it affects them all."

We recently filed an opinion in *Blandon Boro. Incorporation Case*, 182 Pa. Superior Ct. 304, 126 A. 2d 506, wherein we said: "In any event, since protests were made, not only by residents of the remaining portion of the township, but also by persons who would be directly affected as residents of the proposed borough, all of whom were proper parties before the court, we perceive no abuse of discretion in the giving of consideration to the entire matter of tax burden as a part of the thorough study and analysis made by the court below." In the present case the taxpayers probably will be directly affected both as to their pocketbooks and also as to various municipal services. It will be for the lower court to determine, after hearing all the evidence, just what will best serve the public interest and we do not want this opinion to be considered as an interference with the exercise of a proper discretion by that court. If the lower court should finally determine, after hearing on the merits, that the annexation is legal and proper, the township, which is now a party to the proceedings, might not want to appeal. If the individual taxpayers were not made parties to the proceedings before the final determination in the court below they could not thereafter intervene and be permitted to appeal. See *Robinson Township Sch. Dist. v. Houghton et al.*, 387 Pa. 236, 128 A. 2d 58.

The borough also argues that the township should have posted a bond or recognizance as a condition precedent to the filing of its objection in the lower court. This was required under the Act of 1927, May 4, P.L. 519, art. X, §1010, as amended, 1933, May 18, P.L. 818, §1; 1947, July 10, P.L. 1621, §23; 53 PS §12900. The

1953 act does not provide for the posting of any bond or recognizance. The 1953 act does, in our opinion, provide a full and complete procedure for the annexation of parts of a second class township to boroughs, cities and townships. Section 9 of the Act of July 20, 1953, P.L. 550, provides: "All acts and parts of acts are hereby repealed in so far as they are inconsistent with the provisions of this act." It seems too clear for argument that the provision of the Borough Code which provides for the filing of a bond or recognizance by a complainant is inconsistent with the 1953 act and is therefore repealed by §9 of the 1953 act.

The order of the lower court filed June 7, 1956 is vacated insofar as it applies to John Brogan, Anna Brogan, Michael Matyas and Catherine Matyas, and the amended petition filed by them is reinstated and this case is remanded to the lower court for further proceedings in accordance with this opinion. The costs on this appeal to be paid by the Borough of West Hazleton.