Bear Creek Township, Appellant, *v.* Borough of Penn Lake Park, Appellee.

Argued June 2, 1975, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Thomas E. Mack,* with him *Mack* and *Meyer,* for appellants.

*Pasco L. Schiavo,* for appellee.

Opinion by Judge Wilkinson, June 30, 1975:

This is an appeal by the Supervisors of Bear Creek Township from the decree of the Court of Common Pleas of Luzerne County which granted the prayer of the petition to incorporate as a borough by the majority of the resident freeholders of approximately 1,000 acres, being a portion of Bear Creek Township and Dennison Township. The petition had been opposed by both Townships in the court below, but only Bear Creek Township took this appeal. As a matter of interest, the area involved in this incorporation as a borough is only 2.5% of the total assessed valuation of Bear Creek Township.

Many objections were raised before the court below and each was considered, discussed and dismissed in an able opinion by President Judge Bernard C. Brominski. Only two questions were raised on appeal. The principal

issue pressed by appellant (23 pages of its 28 pages of argument in its brief filed with this Court) is whether the lower court was in error in concluding that the proposed borough possessed the necessary prerequisites for self-government and that the establishment of such a borough would not be to the detriment of Bear Creek Township. The other issue raised is whether the provisions of Article IX, Section 8 of the 1968 Constitution of Pennsylvania apply to incorporation of a borough.

We can dispose of the second issue with dispatch. Article IX, Section 8 of the 1968 Constitution of Pennsylvania provides:

"Uniform Legislation. The General Assembly shall, within two years following the adoption of this article, enact uniform legislation establishing the procedure for consolidation, merger or change of the boundaries of municipalities.

"Initiative. The electors of any municipality shall have the right, by initiative and referendum, to consolidate, merge and change boundaries by a majority vote of those voting thereon in each municipality, without the approval of any governing body.

"Study. The General Assembly shall designate an agency of the Commonwealth to study consolidation, merger and boundary changes, advise municipalities on all problems which might be connected therewith, and initiate local referendum.

"Legislative Power. Nothing herein shall prohibit or prevent the General Assembly from providing additional methods for consolidation, merger or change of boundaries."

On its face, by plain language, if the Legislature had intended to include incorporation of a borough within this restriction, it could have done so by including the word "incorporate" along with "consolidate, merge and change boundaries." It is of no avail for appellant to argue that incorporation necessarily involves a change

in boundaries—so does a merger or a consolidation. In President Judge MAC PHAIL'S opinion in *Carroll Valley Borough Incorporation (No. 2)*, 60 Pa. D. & C. 2d 536, 539 (1972), he quotes from an unreported opinion of Judge SCULCO in *In re: Incorporation of the Borough of New Stanton*, holding that Article IX, Section 8, does not apply to incorporation. *Borough of New Stanton* was affirmed, per curiam, by the Superior Court at 218 Pa. Superior Ct. 742, 272 A.2d 207 (1970).

President Judge MAC PHAIL in *Caroll Valley, supra*, 60 Pa. D. & C. 2d at 541-42, posed an interesting hypothetical case as follows:

"If the electors in parcel A of Anytown wished to incorporate as a separate borough, how would they proceed? If the question were placed on the ballot, what basis would be used to determine that a majority of the electors in each municipality had voted favorably or unfavorably? The proposed new borough, of course, would not yet be a municipality. Therefore, conceivably, a majority of the electors in Anytown could vote in favor of the new borough, but a majority of those actually living within the geographical limits of the new borough, although opposed to the new borough, could not prevent it, since the vote of the electors in that area could not be separately counted. By the same token, if the electors of Anytown wanted to get rid of Parcel A because it was an undesirable section of the community, those electors again could get the question on the ballot and by the same process used in the previous example create the new borough against the will of those who would have to live in that new borough. We do not believe that such a result was ever intended by the Constitutional Convention." (Emphasis in original.)

On the other issue of whether the lower court abused its discretion, we quote in part and adopt the following portion of President Judge BROMINSKI'S opinion:

"Finally and most fundamentally, the court will consider the objections of both Bear Creek and Dennison Townships as to whether as a matter of fact and law this incorporation of Penn Lake Park Borough should be allowed.

"Bear Creek Township contends that the incorporation of Penn Lake Park Borough would not be in the best interest of the general public. It submits that the main complaint of the petitioners was that the townships in question would not maintain the road around Penn Lake and that there exists within the proposed area of the Borough a pollution and/or a sewage problem. Bear Creek Township answers by saying that only one or two official complaints were made to the Township Supervisors about these over the years. In addition, Bear Creek contends that it could not in law accept the road around the lake until it meets State requirements.

"The proponents also complain about lack of garbage collection and Bear Creek Township answers this by admitting that no such service is provided for any of its residents.

"Bear Creek Township also suggests that the sewage and waste management plan required for this Borough is fiscally outside the scope of their financial ability and that Luzerne County has engaged a consulting firm of Gilbert Associates, Inc., to provide a county-wide system in which it, Bear Creek Township, is included.

"This opponent also offers the fact that there are but 24 permanent residents in the Bear Creek Area of this proposed Borough and 26 in Dennison Township, a total of 50 permanent residents and queries where will the necessary number of people come from to run this government and also adds that the Borough's tentative budget as submitted to the court does not include any reference to a sinking fund,

water fund, debt service fund, health and sanitation fund, stump removal fund, enforcement officer, electric fund, engineer, sewer fund, capital outlay or for borough equipment.

"Bear Creek Township, via its Tax Collector, gave testimony that if the court granted the petition, it might change the entire tax base for the 71 square miles area of Bear Creek Township in that there are 6 or 7 comparable areas in Bear Creek Township and if this precedent is set it might prove detrimental to the Township.

"Bear Creek Township concludes by citing the recent Borough of Sherwood Forest Case, 14 Oct. Term 1972, Wayne County, which holds that the petitioner must establish that needed municipal services were not adequately supplied by the Township government to the proposed Borough. Bear Creek contends that it supplies to the residents of the proposed Borough the same service it supplies to the other residents of Bear Creek Township.

"Dennison Township contends that the request for incorporation is nothing more than an attempt by the members of the Penn Lake Association to control the area.

"They also raise essentially the same issues as did Bear Creek Township and, in addition, submit that the sewage problem was caused by the residents themselves; that Dennison Township had a controlled sewage ordinance and that the Commonwealth of Pennsylvania has basic jurisdiction and supervision over environmental problems.

"They also maintain that the proponents have not provided any program for zoning, sewage, planning, police department, landfill and sub-division regulations, and add that Dennison Township provides all services for Penn Lake area as is provided for all other residents.

"They finally add that the financial burden on the limited borough would be unmanageable.

"Let us now turn to the contention of the proponents. They maintain that the land to be incorporated consists of 1,000 acres surrounding Penn Lake; that it is the contiguous watershed area of said Lake, 100 acres of which are already developed; and that a sub-division of 577 lots has already been approved. That it has many characteristics of a resort area and is a contiguous, homogeneous, geographical and governmental area with interests and problems separate from the two township areas involved. That the existing problems such as the construction of streets, sewers, water and lake pollution are mounting and the difficulty of resolution of these problems is compounded by the fact that the area including the Penn Lake, rests in two separate and distinct municipalities. That the Penn Lake Association, which consists of residents living in the immediate lake area, has been coping with the lake-associated problems for some thirty years and is, in fact, the governing body about the lake. That the assessed evaluation of the proposed borough is approximately $560,000.00 (over $300,000.00 in Dennison Township and in excess of $200,000.00 in Bear Creek Township). That there are 157 permanent residents with 64 permanent resident wage earners and a general population of about 500 people to assume the governmental offices of a borough. That the exceptants have failed to offer sufficient testimony to support their exceptions. That until this date, the Supervisors of the two affected Townships have never met jointly to discuss resolution of the Penn Lake problems. That the outflow of taxes from the Penn Lake residences is not returned to the Penn Lake area, but dissipated throughout the Townships and that about 9% of the total assessed evaluation of Dennison Township and 2.5% of Bear Creek Township would be consumed by the incorporation.

"In view of these contentions, what are the guidelines and principles which the court must use in arriving at the determination of whether or not the proposed Borough of Penn Lake Park should be incorporated?

"The Act of Assembly of Pennsylvania, to wit, the Act of 1966, Feb. 1 P. L. 1965, No. 581 201, 53 P. S. 45201 et seq. allows the court to incorporate an area within its jurisdiction upon application signed by a majority of freeholders and if the area to be incorporated is in two different townships, the petition must be signed by a majority of freeholders in each of such separate areas. These mechanics have been completed.

"Substantially, wide discretion is placed in the court as to whether incorporation should or should not be allowed. White Hall Borough Incorporation Case, 161 Pa. Superior 397.

"In exercising this discretion, there are certain fundamental principles the court must consider, one of which is whether or not the area proposed to be incorporated has one harmonious whole with common interests and problems which can be properly served by borough government. Has nature made for homogeneity of the area in question? Is the need for public services, such as police, fire, water and sewage disposal, to name a few, intended to be supplied by this means? Eden Park Borough Incorporation, 158 Pa. Superior 40.

"If one examines petitioners' Exhibits 3, 4 and 5, which geographically depict the area, he or she must immediately recognize that the proposed borough reflects a homogenous community posture. It is literally a community within itself, located in two different townships, which are rural in character as contrasted to a lake resort area atmosphere exemplified by its location, its suggested activities, its demands and

needs. It has all the attributes, only on a smaller scale, as Harveys Lake Borough which was incorporated in Luzerne County on December 5, 1966, by the Honorable Frank L. Pinola, then President Judge of Luzerne County. It is inescapable here, as in that case, that the community of interest and problems warranted incorporation. One specific and important example is the road surrounding Penn Lake. It is treated as a private road because neither Dennison Township nor Bear Creek Township can accept it since it does not meet the specifications of the Department of Highways of the Commonwealth of Pennsylvania, and, conversely, the residents about Penn Lake could not begin to bear the costs of so doing. It is neither the fault of the freeholders nor the townships and an impasse exists.

"There are also the problems of sewers, water, lake pollution, water testing, leaks in the lake dam, which are at a standstill as to solution, along with fire and police protection and the only temporary partial solution has come from the Penn Lake Association, consisting of residents about the lake who through summer festivals, dinners and other fundraising means have provided interim relief. These funds are less than adequate since membership in the Penn Lake Association is not mandatory for residence. The existing members contend that incorporation would involve all properties continguous to the lake and would create financial resources to better cope with the problems. Out of fairness to Bear Creek and Dennison Townships, the cost of solving these problems is beyond their financial wherewithal and while Bear Creek Township has a fire department, it is ten miles from the Penn Lake area.

"In any event, there is certainly a homogeneity of interest and most of the problems are indigenous only to the area proposed to be incorporated.

"Another important consideration is whether the present incorporation would disadvantage the remaining townships to such an extent that the disadvantages to said townships would outweight the necessity of incorporation of the Borough. Pleasant Hills Borough Inc. Case, 161 Pa. Superior 259.

"Bear Creek contends that if this incorporation is decreed it may change the entire tax base for the 71 square miles of Bear Creek since it may set a precedent since there are 6 or 7 comparable areas in Bear Creek Township. This objection is highly speculative at this juncture, but it might be well to examine just what fiscal effect this incorporation, if allowed, would have on both Bear Creek and Dennison Townships. . . ." (Here, we omit the detailed discussion of the proposed budget, concluding that the incorporation is fiscally sound both as to the new borough and township.)

"This is a very difficult case for the court to resolve. From the law and facts reviewed herein the discretion reposed in it could be exercised in favor of any of the principals involved, Bear Creek Township, Dennison Township, or the petitioners. After considerable reflection, this court is constrained to conclude that the preponderance of the evidence and the equities of the situation warrant incorporation. It is a difficult road the petitioners have chosen. Bear Creek Township and Dennison Township have provided for them all the municipal services they could responsibly afford but the Penn Lake dilemma requires more and since it will not unduly disadvantage Dennison Township or Bear Creek Township, this court will allow the petitioners to pioneer their way and do so by way of a borough form of government. . . ."

We have reviewed this lengthy record and find that there is evidence to support the lower court's conclusion.

Affirmed.