In Re: Petition for Incorporation of Laurel Mountain. Township of Ligonier, Appellant.

Argued May 4, 1981, before Judges Mencer, Rogers and Williams, Jr., sitting as a panel of three.

*Richard F. Flickinger, Flickinger and Flickinger,* for appellant.

*William D. Boyle,* for appellee.

Opinion by Judge Rogers, June 8, 1981:

The Supervisors of Ligonier Township (Township) appeal from an order of the Court of Common Pleas of Westmoreland County granting the prayer of a property owner's petition seeking the incorporation as a borough of an approximately 90 acre tract of land within the Township known as Laurel Mountain Park (Park).[1] A trial was conducted by Judge Loughran sitting without a jury. Evidence there adduced shows that the Park was originally a community of second homes. It now consists of 110 homes, about 15 of which are of the vacation variety, a swimming pool, tennis courts, and other common land and buildings. The recreational facilities, common holdings and certain easements and utility facilities are owned and

---

[1] This petition was filed pursuant to the provisions of Section 202 of the Borough Code, Act of February 1, 1966, P.L. (1965) 1656, 53 P.S. §45202.

534

managed by an association of property owners. Maintenance and debt service have been financed by dues and assessments.

The president of the Park association testified below to the association's difficulties with dues collection, the failure of the Township to install and maintain storm sewers and domestic water lines, and its longstanding refusal to accept dedication of Park roads or to assist in their repair or maintenance. The same witness expressed a hope and belief that the power to tax as a borough would solve the Park's residents' problems.

By order of the Court of Common Pleas, a study by the Pennsylvania Economy League was commissioned. This study has been made a part of the record. It sets forth in great detail the history of the Park, its necessary expenses, the sources of revenue it would have as a borough, and other considerations necessary to a reasoned decision of the question of whether the Park ought to be a borough. Concerning the immediate effects of incorporation, the report concludes:

1. One of the most obvious immediate results of borough incorporation is the power to tax. Laurel Mountain Park would thus have the ability to adequately finance its operations and services by various tax levies, rather than by dues assessments.

2. Borough status for Laurel Mountain Park will have a minimal financial impact on Ligonier Township. According to 1977 tax figures, taxes paid by Laurel Mountain Park residents represented approximately 2.3 percent of the Township's 1977 proposed budget.

3. Residents would be paying less for their services as a borough than they currently are as part of Ligonier Township for probably at least the next few years.

4. All local taxes paid by residents of the proposed borough would be a legitimate deduction on their Federal income tax returns, whereas now Association dues are not a deductible expense.

5. The incorporation of Laurel Mountain Park could serve to bring political legitimacy to an area that already appears to have a sense of community, based on its physical and psychological isolation from the rest of Ligonier Township.[2]

Two owners of homes within the proposed borough boundaries appeared at the trial and expressed their concern that there would not be enough Park residents willing to fill the elective borough offices and that the short term fiscal relief of incorporation would be followed in the long run by greater expense and inadequate municipal services. These persons have not appealed; and a few other objections were withdrawn when it was stipulated that the objectors' properties would not be included within borough boundaries.

The Township, which remains as the only contestant, first argues that technical defects in the petition, including allegedly illegible and duplicative signatures and an assertedly inadequate description of the borough boundaries, require reversal. We will not consider these issues because they were waived when the Township failed to raise them in its exceptions to the lower court's decision. *See Canada Dry Bottling Co. v. Mertz,* 264 Pa. Superior Ct. 480, 400 A.2d 186 (1979); *Lundvall v. Camp Hill School District,* 25 Pa. Commonwealth Ct. 248, 362 A.2d 482 (1976); Pa. R.C.P. No. 1038(d). The Township seeks to overcome

---

[2] Long range prognostications contained in the Economy League report are less sanguine; but they are also expressed with far less certainty.

this difficulty by arguing that the alleged defects call into question the lower court's subject matter jurisdiction, and can be raised at any point in the proceedings. However, this precise contention was rejected in *In Re Borough of Valley-Hi,* 54 Pa. Commonwealth Ct. 53, 420 A.2d 15 (1980).

The Township takes issue with the court's findings as to the availability to the proposed borough of adequate police and fire protection, the presence of the requisite community of interest of Park residents, and with the court's refusal to exclude from the proposed borough certain properties located outside the original Park boundaries but connected to utilities originating within the Park.

The legislative grant of discretion to the Courts of Common Pleas in the matter of borough incorporation is founded in the belief that the judges of those courts;

> having personal knowledge of the territory sought to be incorporated and of the witnesses who testify as to the facts, are more likely to arrive at a correct conclusion, as to the municipal needs, than the members of a tribunal sitting at a distance from the scene of controversy, who are without full information as to local conditions.

*Blandon Borough Incorporation Case,* 182 Pa. Superior Ct. 304, 307-308, 126 A.2d 506, 508 (1956) quoting *Swoyerville Borough,* 12 Pa. Superior Ct. 118, 123-124 (1899). Therefore, "a decree incorporating a borough will not be disturbed by an appellate court unless illegality appears on the record, or an abuse of discretion is distinctly charged and clearly shown." *Whitehall Borough Incorporation Case,* 161 Pa. Superior Ct. 397, 402, 55 A.2d 70, 72 *aff'd per curiam* 358 Pa. 90, 55 A.2d 746 (1947). *See Bear Creek Township v. Penn Lake Park Borough,* 20 Pa. Commonwealth Ct. 77, 340 A.2d 642 (1975).

We have examined the record and find abundant evidentiary support for each of the challenged determinations. The discretion of the Court of Common Pleas was soundly exercised.

Order affirmed.

ORDER

AND NOW, this 8th day of June, 1981, the order of the Court of Common Pleas of Westmoreland County is affirmed.