In Re: Incorporation of the Borough of Two Ponds. Two Ponds, Inc., Appellant.

Argued December 10, 1984, before Judges ROGERS and COLINS and Senior Judge KALISH, sitting as a panel of three.

*Jerome R. Balka,* with him, *Edmond H. Heisler, Balka and Balka,* for appellant.

*Robert C. Steiger,* for appellee, Township of Northampton.

OPINION BY JUDGE ROGERS, January 30, 1985:

Two Ponds, Inc., the owner of an eighty-seven acre parcel of largely undeveloped land in Northampton Township has appealed an order of the Court of Common Pleas of Bucks County dismissing its petition to incorporate the tract as a borough.

The appellant's land, upon which four tenants reside, is located in a zoning district of the Northampton Township where only single-family detached dwellings on one acre lots are permitted. In 1977, the Board of Supervisors of Northampton Township approved the appellant's application for the subdivision of the land into eight ten acre tracts and one two acre lot. The appellant did not proceed with this plan of development. Instead, it informally sought changes in the township's zoning ordinance which would per-

mit it to construct multi-family dwellings and commercial and professional buildings. The changes were not made.

In May, 1983, the appellant filed a petition for incorporation of its land as a borough. It then proposed after incorporation to construct three hundred condominium units, priced at from $100,000 to $1,000,000 each, which would be occupied by persons described by a witness for the appellant as of such a high income and intellectual level that mixing them with the present residents of the township would be like mixing "pepper and salt—be hard to mesh with the existing community."

Over the objection of the appellant, the hearing judge declined to establish a Borough Advisory Committee, to which we will presently more fully refer. The hearing judge conducted an evidentiary hearing and then entered an order dismissing the petition for incorporation on the ground that the incorporation would disadvantage the remainder of the township and the persons residing there by subverting the existing zoning and planning codes. This consideration was one of the three factors, which this court has held should be considered, described in *Canterbury Village, Inc. Appeal,* 75 Pa. Commonwealth Ct. 334, 342, 462 A.2d 865, 870 (1983), as: (1) whether the area proposed for incorporation is one harmonious whole with common problems which can properly be served by borough government; (2) whether public services are to be provided by borough government; and (3) the one invoked by the hearing judge, whether the incorporation disadvantages the remaining township. *Canterbury Village, Inc. Appeal* and its progenitor *Bear Creek Township v. Penn Lake Park Borough,* 20 Pa. Commonwealth Ct. 77, 340 A.2d 642 (1975), involved proposed incorporations sought before the

amendments to Section 202 of the Borough Code, Act of February 1, 1966, P.L. (1965) 581, 53 P.S. §45202, made by the Act of July 10, 1981.

The hearing judge correctly, in our opinion, dismissed the township's exception to the petition based on the proposition that a corporation could not be a freeholder. *Canterbury Village, Inc. Appeal.*

The pertinent legislation is, as we have indicated, Section 202 of the Borough Code, *as amended,* 53 P.S. §45202, which as it appears in the 1981 session laws, is as follows (the italicized portions, subsections (b), (c) and (d) having been added by the Act of July 10, 1981):

Section 202. Applications for Incorporation.
—*(a)* The application for incorporation shall be by a petition signed by a majority of the freeholders residing within the limits of the proposed borough, when all parts of the proposed borough are in the same township, and, where portions of the proposed borough are in different townships, the petition shall be signed by a majority of the freeholders residing in each of such separate portions. The signatures must be secured within three months immediately preceding the presentation thereof to the court. Such petition shall be subscribed by and sworn to by at least one of the signers. The number of signers required to the petition shall be ascertained as of the date the petition was presented to court.

*(b) The court shall establish a Borough Advisory Committee which shall consist of two residents of the proposed borough, two residents of the existing governmental unit or units recommended by the respective governing body of the unit or units and not residing*

within the proposed borough and one resident of the county not residing in either area who shall serve as the chairman of the committee. Such a committee shall be established when a petition is received by the court for the creation of a borough. Pursuant to this act, the members of such committee shall be appointed by and shall serve at the pleasure of the court. The members shall serve without salary, but the court may entitle each such member to reimbursement for his actual and necessary expenses incurred in the performance of his official duties. The director of the County Planning Commission shall serve as advisor to the committee.

(c) Such committee shall, within sixty days of its creation, advise the court in relation to the establishment of the proposed borough. In particular, the committee shall render expert advice and findings of fact relating to the desirability of such incorporation, including, but not limited to, advice as to:

(1) the proposed borough's ability to obtain or provide adequate and reasonable community support services such as police protection, fire protection and other appropriate community facility services;

(2) the existing and potential commercial, residential and industrial development of the proposed borough; and

(3) the financial or tax effect on the proposed borough and existing governmental unit or units.

(d) The court, if it shall find, after hearing and advice of the committee, that the condi-

*tions prescribed by this section have been complied with, shall certify the question to the board of elections of the county for a referendum vote of the residents of the proposed borough. Upon receipt of the certified election results, the court shall enter a final decree granting or denying the prayer of the petitioners.*

As we have noted, the hearing judge dismissed the township's exception to the application for incorporation. We are constrained to hold that it was error thereupon to decline to establish a Borough Advisory Committee as required by subsection (b) of Section 202 and to proceed to hearing and a decision that the conditions for incorporation had not been met without the advice of a Borough Advisory Committee. In short, we read the Act to require the court to establish a Borough Advisory Committee whenever an application in the form described in subsection (a) of Section 202 has been filed and to await the Borough Advisory Committee's advice before deciding the issue on the merits.

We note that subsection (d) of Section 202 requires the court to make a finding whether "the conditions prescribed in this section have been complied with." The word conditions would seem to refer to the reference in subsection (c) to the "desirability of such an incorporation" and to the three special numbered conditions appearing in the same subsection. These special conditions may be compared with the three court-made factors which we have earlier described. The concern of the hearing judge in this case about the disadvantages to the existing government unit by the subversion of its zoning and planning regulations would seem to fit within one or more of the special conditions as well as within the scope of the "desirability of such an incorporation."

With respect for the decision and opinion of the hearing judge, we must vacate the court's order and remand the record for the proceedings required by Section 202 of the Borough Code. Jurisdiction is relinquished.

### ORDER

AND Now, this 30th day of January, 1985, the order of the Court of Common Pleas of Bucks County dismissing the appellant's Petition for Incorporation is vacated and the record is remanded for proceedings consistent with our opinion herein. Jurisdiction is relinquished.