In Re: Incorporation of the Borough of Bridge-
water. The Committee to Form the Borough of
Bridgewater, Appellant.

Argued December 10, 1984, before Judges WIL-
LIAMS, JR. and PALLADINO and Senior Judge BARBIERI,
sitting as a panel of three.

*Marc Lamer,* for appellant.

*Christopher F. Gorbey,* for appellee, Township of Chester.

OPINION BY JUDGE PALLADINO, February 21, 1985:

This case arises from the denial by the Court of Common Pleas of Delaware County of a Petition for the Right to Incorporate the Borough of Bridgewater (Petition). For the reasons set forth below, we affirm.

The proposed borough, also known as "Toby Farms", consists of ninety-two acres, and lies within Chester Township in Delaware County. Pursuant to Section 202 of The Borough Code,[1] the Petition, signed by a majority of the freeholders residing in the proposed borough, was filed with the Court of Common Pleas (trial court) on July 5, 1979. Exceptions to the Petition were filed by Chester Township and the Chester-Upland School District. Because of the resignation of the solicitor of Chester Township and delays in finding a replacement, no action was taken on the Petition until 1981, when the trial court ordered the Petition to be amended and recirculated. The amended petition was filed on June 23, 1981 and the initial hearing was held on September 17, 1981.

At that hearing, the Township entered a motion requesting the trial court to proceed under the amended version of Section 202, which required the

---

[1] Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §45202.

trial court to appoint a five-member Borough Advisory Committee (Committee).[2]  A Committee was established, it held several hearings, and submitted its report to the trial court on July 29, 1982.  The Committee concluded that the disadvantages of creating the Borough of Bridgewater outweighed the advantages, and recommended that the borough should not be incorporated.  Two members of the Committee dissented and filed a minority report.

The trial court adopted as part of its opinion the history, conclusions on jurisdiction and findings of fact of the Committee's report, and noted with approval the discussion section of that report.  After reviewing the testimony and evidence presented, and considering the advice of the Committee, the trial court concluded that to permit the proposed incor-

---

[2] Section 202 was amended by the Act of July 10, 1981, P.L. 247, and went into effect on September 8, 1981.  The amendment added subsections (b), (c) and (d) to the original version of Section 202.

After a petition for incorporation has been filed, subsection (b) of Section 202 requires that:

(b) The court shall establish a Borough Advisory Committee which shall consist of two residents of the proposed borough, two residents of the existing governmental unit or units recommended by the respective governing body of the unit or units and not residing within the proposed borough and one resident of the county not residing in either area who shall serve as the chairman of the committee.  Such a committee shall be established when a petition is received by the court for the creation of a borough.  Pursuant to this act, the members of such committee shall be appointed by and shall serve at the pleasure of the court.  The members shall serve without salary, but the court may entitle each such member to reimbursement for his actual and necessary expenses incurred in the performance of his official duties.  The director of the County Planning Commission shall serve as advisor to the committee.

poration would be destructive of the remaining portion of Chester Township, and denied the petition. This appeal followed.[3]

Appellant initially argues that our scope of review under the amended version of Section 202 should be to determine whether the conditions of that section were satisfied, and if so to direct the trial court to certify the matter for referendum.

Under the prior version of Section 202, our scope of review was limited to determining whether the trial court abused its discretion in granting or denying· the petition. This court's decision in *Bear Creek Township v. Penn Lake Park Borough,* 20 Pa. Commonwealth Ct. 77, 340 A.2d 642 (1975) set forth three guidelines for a trial court to follow in exercising its discretion under that section.[4]

The amendments to this section to a large extent incorporate the three court-made guidelines as the three specific areas on which the Committee is to render expert advice and findings of fact for the trial court. Subsections (c) and (d) state:

> (c)  Such committee shall, within sixty days of its creation, advise the court in relation to the establishment of the proposed borough.

---

[3] The Appellant in this case is The Committee to form the Borough of Bridgewater; the Appellee is Chester Township.

[4] These were:

(1)  Whether the area proposed for incorporation is one harmonious whole with common interests and problems which can be properly served by borough government;

(2)  Whether public services such as police, fire protection, water and sewage disposal are to be provided by borough government; and

(3)  Whether the incorporation disadvantages the remaining township.

*See also Canterbury Village, Inc. Appeal,* 75 Pa. Commonwealth Ct. 334, 342, 462 A.2d 865, 870 (1983).

In particular, the committee shall render expert advice and findings of fact relating to the desirability of such an incorporation, including, but not limited to, advice as to:

(1) the proposed borough's ability to obtain or provide adequate and reasonable community support services, such as police protection, fire protection and other appropriate community facility services;

(2) the existing and potential commercial, residential and industrial development of the proposed borough; and

(3) the financial or tax effect on the proposed borough and existing governmental unit or units.

(d) The court, if it shall find, after hearing and advice of the committee, that the conditions prescribed by this section have been complied with, shall certify the question to the board of elections of the county for a referendum vote of the residents of the proposed borough. Upon receipt of the certified election results, the court shall enter a final decree granting or denying the prayer of the petitioners.

The conditions to which subsection (d) refers are those listed in subsection (a) regarding the procedures for the collection of signatures for the petition, and those in subsection (c). *In Re: Incorporation of the Borough of Two Ponds,* 87 Pa. Commonwealth Ct. 234, A.2d (1985).

Our scope of review of the trial court's decision as to whether the conditions of subsection (c) are met should be no different than our prior scope of review when the guidelines of the trial court's decision were court-made. We hold that the trial court is vested with discretion in determining whether the conditions

prescribed by Section 202(a) and (c) have been complied with, and we must uphold its decision absent a finding that its discretion was abused.

Turning to the decision of the trial court, we note that the findings of fact of the Committee, incorporated into the opinion, are supported by the evidence and testimony in the record. We must decide whether the trial court abused its discretion in concluding from these facts that the Township would be harmed by the proposed incorporation.

Of the factors considered by the trial court, we find several to be significant. The current racial composition of the Township is fifty-nine percent (59%) white and forty-one percent (41%) non-white. The composition of the proposed borough would be eighty-two point five percent (82.5%) white and seventeen point four percent (17.4%) non-white. The remaining portion of the Township would be twenty-six point six percent (26.6%) white and seventy-three percent (73%) non-white. The trial court found that the motivation for the proposed Borough was to segregate it from the rest of the Township.

Additionally, the trial court listed the several debts accumulated by the Township and concluded that the proposed Borough sought to escape supporting the financially troubled Township. In addition to its debts, the portion of the Township which would remain intact after the proposed incorporation would carry the responsibility for all of the low-income housing currently supported by the entire Township.

The proposed Borough is comprised wholly of privately owned residential units, with little or no existing or potential area for commercial or industrial growth. While acknowledging that the proposed Borough would probably be able to take care of itself financially, by imposing a real estate tax, the trial

court held that the remainder of the Township would be deprived of the "support and balance which is essential to preserve and develop a complete, integrated and, yet, diverse community of population interests, and uses; all of which are essential to the stability and growth of a suburban municipality."

We cannot fault the trial court in its concern for preserving the diversity of the Township necessary to support it financially and socially. Therefore, we hold that the trial court properly exercised its discretion under Section 202 in denying the Petition to Incorporate.

Affirmed.

ORDER

AND Now, February 21, 1985, the decision of the Court of Common Pleas of Delaware County at No. A-34 Misc. Docket dated January 13, 1983 is affirmed.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.