## Lindsay et al. v. Cohen et al.

*George W. McKee, Jr.,* for plaintiffs.

*Walter H. Compton,* for defendants.

SMITH, J., November 14, 1949.—This comes before us on preliminary objections in the nature of a demurrer to a bill in equity filed by numerous residents and property owners of the City of Harrisburg to enjoin the proposed operation of a certain business which plaintiffs in their bill characterize as a taproom.

The question, under the facts alleged in the bill, is whether a taproom located in a predominantly residential district will constitute a nuisance as a matter of law, regardless of the manner of operation, where the proposed use does not violate building restrictions or zoning laws.

### The Bill

The bill avers that defendants are the owners of a certain tract of land situate at the Southeast corner of Twenty-third and Berryhill Streets, in the thirteenth ward of the City of Harrisburg, whereon they are erecting a one-story brick and cinder block building in which they intend to operate a bar, tavern, taproom

or place where liquor or beer will be sold and dispensed at retail and that defendants' said property is in close proximity to a large exclusively residential section known as Melrose Gardens containing over 300 dwelling houses and in which section most of plaintiffs and almost 300 children live. The bill further avers that there are annoyances necessarily connected with the operation of a taproom, including noises, lights, odors and unseemly sights; that the proposed taproom will be open for business until the early hours of the morning thereby disturbing plaintiffs' rest; that there will be neon or other night lights on the outside or showing on the outside of the taproom, thereby interfering with plaintiffs' privacy; that in the operation of the taproom there will be noise and disturbance of patrons entering and leaving, especially during the late hours, some of whom will necessarily behave in a loud and boisterous manner thereby annoying plaintiffs and their families and making it unsafe for their children to be abroad in the neighborhood; that there will be the noise, danger and disturbance, especially at night, of automobiles stopping, starting, discharging and picking up patrons and merchandise, and parking, thereby creating a hazard, especially to children, causing traffic congestion and impairing access to plaintiffs' homes; and that 135 residents of the neighborhood in a petition filed with the Liquor Control Board have objected to the granting of a beer or liquor license within the area in question. Wherefore, plaintiffs allege that the operation of the proposed taproom will create an intolerable nuisance, will be detrimental and injurious to their comfort, peace, quiet, security, health, safety, morals and welfare, subject their children to additional danger, interfere with access to their houses, commercialize and change the character of their neighborhood and materially damage the value of their properties and, therefore, should be restrained.

Plaintiffs have not pleaded any restrictive covenant in defendants' deed to the premises in question nor any zoning law prohibiting its use for the sale of beer or liquor. Further, although not pleaded in the bill, counsel advised the court on the argument of the preliminary objections that there was then pending before the Liquor Control Board an application filed by Philip W. Cohen, one of defendants, for the transfer to the premises in question of a restaurant liquor license now held by him for premises No. 1200 North Sixth Street, Harrisburg.

## The Answer

The answer raising preliminary objections avers, inter alia, that plaintiffs have failed to state a cause of action which would entitle them to the equitable relief prayed for in that the alleged injury or "contemplated injury" to their persons or property is based "entirely on conjecture, surmise, apprehension and speculation as to the future conduct of defendants in the operation of a legal and proper business, which business is not a nuisance per se".

## Discussion

Plaintiffs are here seeking to enjoin an anticipated nuisance. At the outset we feel constrained to state that the court is most sympathetic with the residents in the vicinity of defendants' premises who have protested against and asked us to enjoin the operation of a taproom thereon for the reasons set forth in the bill. However, we are bound by the well-established principle that the courts, in cases such as this, do not deal with questions of mere policy, local or general: Rhodes et al. v. Dunbar et al., 57 Pa. 274. It is not our function to make the law but to interpret and enforce it.

The regulation of the sale of intoxicating liquors is a matter peculiarly within the police power of the State, and whether a liquor license should be granted

and the circumstances under which it should be granted are primarily matters for legislative and not for judicial opinion: Schlaudecker v. Marshall et al., 72 Pa. 200; Spankard's Liquor License Case, 138 Pa. Superior Ct. 251. The legislature in the Pennsylvania Liquor Control Act of November 29, 1933, spec. sess., P. L. 15, 47 PS §744-1 et seq., took from the courts and delegated to the Liquor Control Board, subject to judicial review, the exclusive power of granting and transferring liquor licenses. In so doing, unfortunately for plaintiffs, the legislature did not see fit to prohibit the licensing of establishments situate in predominantly residential districts. In fact, under section 403 of the act, as reënacted and amended by the Act of June 16, 1937, P. L. 1762, 47 PS §744-403, it has been held that the Liquor Control Board has no discretionary power, even if protests are filed by interested parties, to refuse the granting or transferring of a hotel or restaurant liquor license to premises situate in a predominantly residential district provided all the requirements of the act and the regulations of the board are met: Lacivita's Appeal, 54 D. & C. 264. This court does not have the power to restrain the Liquor Control Board from exercising the functions delegated to it. Therefore, we cannot by indirection accomplish the same result by restraining the prospective operation of a taproom on defendants' premises.

It is well settled that certain types of business constitute nuisances as a matter of law when carried on in residential districts for the reason that the necessary incidents of their normal operation deleteriously affect the health and comfort of the community: Essick et al. v. Shillam et al., 347 Pa. 373. The most common illustrations in this category are public garages and automobile service and filling stations. Others may be found listed in Pennsylvania Co., etc., et al. v. Sun Co., 290

Pa. 404. However, counsel for plaintiffs has cited no case holding that the operation of a taproom in an exclusively residential district will inevitably result in damage to property and injury to health, no matter how carefully it is conducted, and thus constitute a nuisance as a matter of law. In fact the authorities are to the contrary.

The purpose of the Pennsylvania Liquor Control Act as stated in section 3 thereof is for ". . . the protection of the public welfare, health, peace and morals of the people of the Commonwealth . . .". It has been held that the sale of alcoholic beverages under a license issued by the Liquor Control Board in itself is not offensive in the sense that it is a nuisance per se or obnoxious to good health and morals: Havens' License, 27 D. & C. 376; Yaffe v. Benton, 22 D. & C. 7; Dennis et al. v. Burke and Beirn, 26 Dist. R. 535. Further, as said in the Dennis Case supra, page 539:

"If it should be judged by the manner in which a saloon could become offensive, then it is upon the ground of the use that the plaintiffs have the right to call upon a court of equity to restrain its continuance, and until this use has been shown to be offensive, there is no jurisdiction for courts to interfere."

Although the effect of a demurrer to a bill in equity is to admit all the allegations of fact contained in the bill and all inferences which may reasonably be drawn therefrom, plaintiffs' fears regarding the future operation of the taproom are purely conjectural and argumentative. We may not assume, as a matter of law, that the proposed taproom cannot be conducted in an orderly and inoffensive manner.

In view of the foregoing we feel that the instant case is ruled by Essick et al. v. Shillam et al., supra, and the authorities therein cited. In the Essick case a final decree was entered on bill filed restraining the

erection and operation of a cash-and-carry store, or super-market, and a parking lot for patrons. On appeal, the Supreme Court, in reversing the decree, dissolving the injunction and dismissing the bill, said (pp. 376, 380-1):

"Conceding, therefore, that the district is predominantly residential, it does not necessarily follow that the introduction of this commercial enterprise should be enjoined. The use contemplated is lawful. There is no zoning ordinance which interdicts it, nor is it barred by restrictive covenants in the deed to the premises. In Pennsylvania Co., etc., et al. v. Sun Co., 290 Pa. 404, 408, the principle was stated: 'An owner has a right, barring malice and negligence, to any use of his property, unless by its continuous use he prevents his neighbors from enjoying the use of their property to their damage.' The damage must be real and substantial. 'Equitable relief must be predicated on an injurious invasion of a fixed and determined property right. By injury is meant something affecting the capacity of the property for ordinary use or causing a discomfort in the enjoyment of it that threatens the health or welfare of the occupant, with resultant injury to the property:' Ibid., 409. As stated in Houghton et al. v. Kendrick et al., 285 Pa. 223, 226: 'Any other use of a property than for residential purposes, may be, and at times is, an annoyance to dwellers in the vicinity . . . But the mere fact of annoyance does not establish the existence of a nuisance, and hence, standing alone, it will not be a sufficient basis for an injunction against the particular use from which the alleged annoyance arises.

"In short, there should be nothing in the construction of the store, or in the necessary consequences of its normal operation, to create a nuisance. The court cannot anticipate an improper use of the premises and

sanction a restraining order founded upon surmise and speculation as to the future conduct of defendants. In Rhodes et al. v. Dunbar et al., 57 Pa. 274, 287, it was stated: 'That a thing may possibly work injury to somebody is no ground for injunction. If the injury be doubtful, eventual or contingent, equity will not interfere by injunction.' Thus in Todd v. Sablosky, supra, where it was averred that one of the stores to be erected would be a super-market, and that it would be operated with all of the evils contemplated by the present plaintiffs, Justice Barnes said (page 509) : 'Plaintiffs' allegation in the bill that such a market, if established, will "probably" be conducted in an offensive manner is purely conjectural and argumentative . . .', and he concluded (page 511) : 'If plaintiffs' fears regarding their future operation should be realized, adequate relief in equity will be available to them.' The same comments are appropriate in this case.

"It plainly appears, therefore, that the court below erred in granting an injunction at this time against defendants upon the ground that the proposed enterprise would be a nuisance per se if established in this community."

By reason of the matters hereinbefore discussed, no useful purpose will be served by holding a hearing to receive evidence and make formal findings of fact. Plaintiffs' bill must be dismissed. However, if their fears regarding the operation of the taproom should be realized, adequate relief in equity will then be available to them.

### Decree

And now, November 14, 1949, defendants' answer raising preliminary objections in the nature of a demurrer to plaintiffs' bill in equity is sustained and the bill dismissed.