Albert J. McMahon, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, James J. Quinn, Jr. and Catherine Quinn, Respondents.

Argued February 5, 1979, before Judges ROGERS, DiSALLE and MacPHAIL, sitting as a panel of three.

*Herbert C. Goldstein,* with him *Abraham J. Levinson,* for petitioners.

*Roderick D. Mathewson,* for respondents.

OPINION BY JUDGE MACPHAIL, April 20, 1979:

Albert J. McMahon (McMahon) has filed a petition for review pursuant to Section 401 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.401[1] in the nature of a complaint in equity asking us to enjoin the Pennsylvania Liquor Control Board (Board) from approving the change of officers and shareholders of 33 Mc-Mahon Bar Corporation (Corporation). The petition also asks us to enjoin James J. Quinn, Jr. (Quinn) from exercising any rights as a shareholder of the Corporation and from holding any office in the Corporation.[2]

The matter presently before us involves Quinn's preliminary objection in the nature of a motion to strike McMahon's petition on the basis that this Court is without jurisdiction to hear the case. We agree that we lack jurisdiction and, therefore, sustain the motion to strike.[3]

---

[1] Repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1443]. A similar provision is now found in the Judicial Code, 42 Pa.C.S. §761.

[2] Previously, McMahon had filed a petition with this Court for a preliminary injunction. That petition was refused by Judge MENCER on September 21, 1978.

[3] Quinn argues that this Court lacks jurisdiction because McMahon has failed to pursue an adequate administrative remedy at law. We need not reach this question because we find, for a different reason, that we are without subject matter jurisdiction in this case. A court may always raise *sua sponte* the issue of its own

In his petition, McMahon alleges, *inter alia,* that Quinn held all of the issued capital stock of the Corporation as security for a debt owed to him by McMahon; that upon default in payments on the debt by McMahon, Quinn purchased the shares of stock for $1.00 at a private sale; that the private sale was conducted in violation of Article 9 of the Uniform Commercial Code —Secured Transactions, Act of April 6, 1953, P.L. 3, *as amended,* 12A P.S. §9-101 *et seq.;* that subsequent to the private sale Quinn notified the Board that he had become the owner of the stock and that he and Catherine Quinn, his mother, had become the officers of the Corporation; that Quinn and his mother were not elected officers of the Corporation at any authorized meeting of the Board of Directors; and that approval of Quinn and his mother as officers and shareholders of the Corporation would result in irreparable harm to McMahon.

McMahon argues correctly that the Board is powerless to determine whether Quinn secured ownership of the Corporation in violation of Article 9 of the Uniform Commercial Code. Upon proper application, the Board is required by law to grant or transfer a liquor license if certain requirements are met. *Obradovich Liquor License Case,* 386 Pa. 342, 345-46, 126 A.2d 435, 437 (1956); Sections 404 and 468 of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §§4-404 and 4-468. "The Liquor Control Board was designed and established to regulate the sale of liquor throughout the Commonwealth, not to adjudicate collateral issues. . . ." *Pittaulis Liquor License Case,* 444 Pa. 243, 249, 282 A.2d 388, 390 (1971). Similarly, the Board is required to recognize new corporate officers or directors if they meet the requirements for

subject matter jurisdiction. *Department of Transportation v. Forte,* 29 Pa. Commonwealth Ct. 415, 418, 371 A.2d 526, 527 (1977).

such recognition—primarily that they correctly report such changes on form PLCB-866 and are "reputable individuals." *See* 40 Pa. Code §5.91 and Form PLCB-866. If the Board acts according to the terms of the Code, we are powerless to order it to act otherwise. Likewise, we are powerless to order the Board to act in a manner inconsistent with the Code. *See Lindsay v. Cohen,* 69 Pa. D. & C. 572, 575 (1949).

Here, Quinn was required to report to the Board when he and his mother became officers and directors of the Corporation. If the Quinns were found eligible to assume these positions, under the provisions of the Code, the Board was required to approve the change. The Board could not adjudicate McMahon's Uniform Commercial Code claim and we cannot order the Board to refuse to act on Quinn's notice of change while some other tribunal adjudicates the claim. Since we cannot exercise jurisdiction over the Board in this matter, we obviously have no authority over the individual defendants. McMahon's petition for review must be stricken.

Our decision here does not leave McMahon remediless. If the Board approves Quinn and his mother as officers of the Corporation in violation of the Liquor Code, McMahon may appeal that determination to the Court of Quarter Sessions of Philadelphia County pursuant to Section 464 of the Liquor Code, 47 P.S. §4-464.[4] He also may pursue his complaint regarding alleged violations of the Uniform Commercial Code against Quinn before a proper tribunal.

The preliminary objection in the form of a motion to strike the petition for review is sustained.

---

[4] Quinn states in his brief that the Board did approve the change in officers on October 20, 1978. Proof of such approval, however, is not evident on the record in this case and we are precluded from assuming the truth of the statement.

ORDER

AND Now, this 20th day of April, 1979, the preliminary objection of James J. Quinn, Jr. and Catherine Quinn in the nature of a motion to strike the petition for review, filed by Albert J. McMahon, is sustained and the petition is dismissed.