Jacob Gordon et al., Plaintiffs *v.* George Pulakos et al., Defendants.

Albert E. Young, Inc. et al., Plaintiffs *v.* Miller & Brown Construction Co., Inc., Defendants.

Albert E. Young, Inc. et al., Plaintiffs *v.* George Pulakos et al., Defendants.

Submitted on briefs before Judges CRUMLISH, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*Michael A. Kramer,* with him *Steven Kapustin, Arthur Nakazato, of Kramer and Salus,* for plaintiffs.

*Marie Inyang,* Special Assistant Attorney General, for George Pulakos and Commonwealth of Pennsylvania, Department of Transportation, defendants.

*Alfred Sarowitz,* for Slattery Associates, Inc., defendant.

*Gerald A. Inglesby,* for Philadelphia Gas Works, defendant.

*John J. Tinaglia,* with him *Andrew R. Rogoff,* for Philadelphia Electric Company, defendant.

Opinion by Judge MacPhail, January 11, 1980:

These cases are before us because they arguably fall within the original jurisdiction of this Court pursuant to Section 761 of the Judicial Code (Code), 42 Pa. C.S. §761. We find, however, upon an examination of the briefs and records submitted to us, that we do not have jurisdiction over these proceedings and, therefore, must transfer them back to the Court of Common Pleas of Philadelphia County where they originated.

A summary of the procedural history in these cases will be helpful to an understanding of our disposition. All three cases arose out of alleged injuries caused to Plaintiffs[1] by Defendants[2] during the construction of the Delaware Expressway (Interstate 95) and the Frankford elevated train station in the City of Philadelphia. All of the Plaintiffs own or lease commercial businesses or property within the area of the construction and all of the Defendants have allegedly participated in the construction projects. Plaintiffs in No. 28 T.D. 1979 originally filed a suit in trespass[3] against Defendants in that case in the Court of

---

[1] Albert E. Young, Inc., William Hendler Distributors, Inc., H & Z Cut Rate, Inc., and Alvin Marcus, all in No. 26 and No. 28 T.D. 1979; Jacob Gordon, Saul Richard Gordon, and Joseph Gordon, all in No. 21 T.D. 1979.

[2] George Pulakos, individually and as Secretary of the Department of Transportation, the Pennsylvania Department of Transportation, the City of Philadelphia, Slattery Associates, Inc., Philadelphia Gas Works, and Philadelphia Electric Company, all in No. 21 and No. 28 T.D. 1979; John M. Scruggs, individually and as Commissioner of the Streets of the City of Philadelphia, in No. 21 T.D. 1979; David H. Damiano, individually and as Commissioner of the Streets of the City of Philadelphia, in No. 28 T.D. 1979; Miller & Brown Construction Company, Inc. in No. 21 and No. 26 T.D. 1979.

[3] The Commonwealth Court docket sheet for No. 28 T.D. 1979 indicates that the complaint was filed as an eminent domain action. The complaint itself is labeled "Amended Complaint in Trespass."

Common Pleas of Philadelphia County. The same Plaintiffs then filed a second suit in trespass against Defendant Miller & Brown Construction Company (No. 26 T.D. 1979). Defendants Pulakos and Department of Transportation filed preliminary objections with the Court of Common Pleas alleging, *inter alia*, that the Court lacked jurisdiction over the suit because original jurisdiction of cases brought against the Commonwealth or its officers acting in their official capacity rested with the Commonwealth Court. The Court of Common Pleas agreed with the Secretary and Department and ordered that No. 26 and No. 28 be consolidated and transferred to this Court. The trespass action filed by Plaintiffs in No. 21 T.D. 1979 was also transferred to this Court.

All of the Defendants, with the exception of Scruggs and the City of Philadelphia, have preliminary objections pending before us. In essence, the objections challenge Plaintiffs' complaints as improperly alleging a cause of action in trespass rather than in eminent domain, as failing to state a cause of action in trespass, and as being so unspecific as to preclude Defendants from answering the complaints. None of the Defendants have challenged our jurisdiction to hear this case. Nevertheless, a Court may raise *sua sponte* the issue of its own subject matter jurisdiction. *McMahon v. Pennsylvania Liquor Control Board*, 42 Pa. Commonwealth Ct. 135, 136-37 n. 3, 400 A.2d 255, 256 n. 3 (1979). Upon an examination of the issue, we find that subject matter jurisdiction is with the Court of Common Pleas.[4]

---

We note that if the complaint were in eminent domain we would lack jurisdiction over the matter pursuant to Section 761(a)(1)(ii) of the Code, 42 Pa. C.S. §761(a)(1)(ii).

[4] It is irrelevant that this case is before us because of a preliminary objection filed with the Court of Common Pleas by the Secretary and the Department and that the Secretary and Department

Historically, the Commonwealth, its departments and agencies, and its high public officials acting within the scope of their employment were absolutely immune from suit arising from negligent conduct on the part of the Commonwealth. Such was the state of the law when the causes of action here at issue arose in 1973. Since that time, however, the law of the Commonwealth as it relates to sovereign and official immunity has undergone extensive scrutiny and revision.

On July 14, 1978, our Supreme Court abrogated the doctrine of sovereign immunity. *Mayle v. Pennsylvania Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1978). The Act of September 28, 1978 (Act 152), P.L. 788, reinstated retroactively the doctrine of sovereign immunity, with eight enumerated exceptions,[5] and left intact "existing common law defenses" relating to official immunity.[6] On October 5, 1978, the Pennsylvania Supreme Court, while refusing to abrogate the doctrine of official immunity, did establish certain criteria to be met before official immunity would be afforded to Commonwealth officials. *DuBree v. Commonwealth,* 481 Pa. 540, 393 A.2d 293 (1978). On September 14, 1979, this Court held that Act 152 was constitutional and controlling as it related to sovereign immunity. *Brungard v. Hartman,* 46 Pa. Commonwealth Ct. 10, 405 A.2d 1089 (1979). In another case decided the same day, *Estate of Armstrong v. Pennsylvania Board of Probation and Parole,* 46 Pa. Commonwealth Ct. 33, 405 A.2d 1099 (1979), the Court held that *DuBree v. Commonwealth* is controlling on the issue of official immunity.

have not contested our jurisdiction here. Subject matter jurisdiction may not be acquiesced in or conferred upon the Court by the parties. *Kramer Appeal,* 445 Pa. 238, 240, 282 A.2d 386, 387 (1971) ; *Lowry v. Commonwealth,* 365 Pa. 474, 478, 76 A.2d 363, 365 (1950).

[5] *See* Section 5110(a) of the Code, 42 Pa. C.S. §5110(a).
[6] *See* Section 5110(b) of the Code, 42 Pa. C.S. §5110(b).

The transfer order in this case was issued by the Court of Common Pleas subsequent to the decisions in *Mayle v. Pennsylvania Department of Highways* and *DuBree v. Commonwealth* and the enactment of Act 152, but prior to our application of those decisions and the Act in *Brungard v. Hartman* and *Estate of Armstrong v. Pennsylvania Board of Probation and Parole*. It does not appear from the record that the Court of Common Pleas considered Act 152 or *DuBree v. Commonwealth* in ordering the transfer. In applying these decisions and Act 152 to the facts of this case, we are compelled to conclude that this Court lacks original jurisdiction over these proceedings.

If the Department is subject to suit because the acts complained of by Plaintiffs fall within one of the exceptions enumerated in Section 5110 of the Code, 42 Pa. C.S. §5110, Section 931 of the Code, 42 Pa. C.S. §931, mandates that jurisdiction rest with the Court of Common Pleas of Philadelphia County. The same is true if, upon application of the criteria set forth in *DuBree v. Commonwealth,* the Secretary is found to be subject to suit. If the acts complained of do not fall within one of the exceptions and/or if the Secretary is not subject to suit pursuant to *DuBree v. Commonwealth,* the Department and the Secretary are immune from suit.[7] That determination must be made by a court with original jurisdiction. Since this Court lacks original jurisdiction over these proceedings, it is necessary for us to transfer this case back to the Court of Common Pleas of Philadelphia County for disposition of Defendants' preliminary objections and for further proceedings not inconsistent with this opinion.

Judges CRUMLISH, JR. and DiSALLE concur in result only.

---

[7] In either instance, jurisdiction over the proceedings as far as the remaining Defendants are concerned is with the Court of Common Pleas of Philadelphia County.

448

### ORDER

AND NOW, this 11th day of January, 1980, the above captioned matters are transferred to the Court of Common Pleas of Philadelphia County for disposition of Defendants' preliminary objections and for further proceedings not inconsistent with this opinion.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.