In Re: The Incorporation of The Borough of Valley-Hi.

The Borough of Valley-Hi and Jack Gothie, Appellants.

54

Argued June 2, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Jerome T. Foerster,* with him *Richard W. Cleckner, Cleckner and Fearen,* for appellants.

*Merrill W. Kerlin,* for appellees.

OPINION BY JUDGE BLATT, September 24, 1980:

The appellants, the Borough of Valley-Hi and Jack Gothie, a resident of that Borough, seek to reverse an order of the Court of Common Pleas of Fulton County which granted the petition of the appellees, a group of

residents of Brush Creek Township, Fulton County, to strike off the incorporation of the Borough of Valley-Hi.

This proceeding had its beginning in November of 1973 when, pursuant to Section 202 of the Borough Code, Act of February 1, 1966, P.L. (1965) 1656, 53 P.S. §45202, a group of residents of Brush Creek Township filed an application to incorporate a portion of the Township as a borough to be known as the Borough of Valley-Hi.

The lower court set a hearing date concerning the application for incorporation and, because no objections were filed, the court approved the incorporation of the Borough of Valley-Hi without the taking of evidence. Approximately 10 months thereafter, the Borough council determined that the application's legal description of the Borough's boundaries was in error and the Borough submitted a petition to correct the description and to decrease the number of its councilmen.[1]

The Board of Commissioners of Fulton County then filed answers to the Borough's petition and alleged that the defect in the description had deprived the lower court of jurisdiction to grant the incorporation and, therefore, that the incorporation should be stricken. The Borough filed preliminary objections to the County's answer on the basis that the County was not aggrieved by the incorporation and that it therefore lacked standing to object to it. In June of 1975, the lower court concluded that it had had no jurisdiction over the original application for incorporation

---

[1] A reduction in the number of the Borough's councilmen from seven to three was requested pursuant to Section 818 of The Borough Code, 53 P.S. §45818, which permits such a decrease in the size of a borough council if the borough has fewer than 1,000 residents and if the petition for such a reduction is signed by at least five percent of the borough's registered voters.

and it invalidated the Borough's incorporation. The Borough appealed to this Court and on December 27, 1977, holding that the County did not have standing to bring the appeal, we entered an order which reversed the lower court and remanded the case to it for a decision as to the issues raised by the Borough's petition to correct its legal description. *Borough of Valley-Hi Incorporation Case,* 33 Pa. Commonwealth Ct. 180, 381 A.2d 204 (1977).

In June of 1978, acting on the remand order of this Court, the lower court entered orders which corrected the Borough's description and reduced the number of its required councilmen. The Borough then moved for the holding of a special election so that its residents could elect the new number of Borough councilmen. At that point, the residents of Brush Creek Township who are the appellees herein moved to strike off the incorporation of the Borough on the basis that the original defective description had deprived the lower court of jurisdiction to incorporate the Borough. The lower court, while recognizing that the appellee's objections to the incorporation were not timely filed under the applicable law,[2] concluded nevertheless that the court could raise the question of its subject-matter jurisdiction *sua sponte* at any time during the proceedings and that, indeed, the defective description had deprived the court of jurisdiction. The lower court, therefore, again invalidated the incorporation of the Borough and this appeal followed.

It is axiomatic that a court may raise the issue of its subject-matter jurisdiction on its own initiative at any stage of a proceeding and, further, that such juris-

---

[2] Section 502 of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 223, formerly 17 P.S. §211.502, repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1443]. A similar act is now found in Section 5571 of the Judicial Code, 42 Pa. C. S. §5571.

diction cannot be obtained by consent of the parties, or by waiver or estoppel. *Bell Appeal,* 396 Pa. 592, 152 A.2d 731 (1959); *Gordon v. Pulahos,* 48 Pa. Commonwealth Ct. 442, 410 A.2d 899 (1980). Nonetheless, it is clear that Section 201 of The Borough Code, 53 P.S. §45201, provides that the courts of common pleas shall have subject-matter jurisdiction over applications for the incorporation of boroughs. *See Bear Creek Township v. Borough of Penn Lake Park,* 20 Pa. Commonwealth Ct. 77, 340 A.2d 642 (1975). Thus, although Section 203 of The Borough Code[3] requires that an application for incorporation "shall set forth the name of the proposed borough, with a particular description of the boundaries thereof, exhibiting the courses and distances and be accompanied with a plot of the same," the failure of the original applicant in this case to provide such a description did not deprive the lower court of subject-matter jurisdiction. Rather, we believe that the defective description was merely a procedural error which would have been grounds for the lower court to dismiss the original application. *Whitehall Borough Incorporation Case,* 358 Pa. 90, 55 A.2d 746 (1947).

Because, therefore, the issues raised *sua sponte* by the court below involved procedural rather than jurisdictional defects, we must conclude that the court had jurisdiction over the application for incorporation and that any irregularity in those proceedings was waived by the parties by their failure to raise an objection in a timely fashion. *See Papencordt v. Masterwork Paint Co.,* 412 Pa. 508, 194 A.2d 878 (1963).

We note, moreover, that an implicit conclusion in our previous decision in this case, *Borough of Valley-Hi, supra,* was that the lower court had jurisdiction to incorporate the Borough. The question of the lower

[3] 53 P.S. §45203.

58

court's jurisdiction over the incorporation was thoroughly discussed in the briefs in that case, and we would not have reached the issue of the standing of Fulton County, the appellant therein, had we not concluded that the lower court had jurisdiction to incorporate the Borough.

The order of the lower court will therefore be reversed and the case will be remanded for an appropriate order directing that the Commissioners of Fulton County hold an election in the Borough of Valley-Hi for the election of its council as ordered by the lower court in its order of June 27, 1978.

ORDER

AND Now, this 24th day of September, 1980, the order of the Court of Common Pleas of Fulton County, dated October 24, 1978, is hereby reversed and the case is remanded to that court for the entry of an appropriate order directing that elections be held in the Borough of Valley-Hi for the purpose of selecting a Borough Council.