## Watterson v. Commonwealth

*Barnard Rubb,* for plaintiffs.
*Brian Baxter* and *Arthur Murphy,* for defendants.

FINKELHOR, *J.,* October 3, 1980—The above matter comes before the court en banc on the motion of defendants Commonwealth of Pennsylvania, et al., for summary judgment under the Recreation Use of Land and Water Act of February 2, 1966, P.L. (1965) 1860, 68 P.S. §477-1 et seq. The issue is whether the Recreation Use of Land and

Water Act, limiting tort liability of owners of land used for recreational purposes, is applicable to the Commonwealth of Pennsylvania, its subdivisions and employes.

Plaintiffs have alleged that the husband plaintiff was operating a bicycle on the bicycle trail in Moraine State Park in Butler County, Pennsylvania, at approximately 4:30 p.m., on July 29, 1978, and that he struck a concrete post placed in the center of the path. Moraine State Park and the bicycle trail are owned, managed and operated by the Commonwealth of Pennsylvania and its Department of Environmental Resources and individual, defendant Michael Dickerson is Park Superintendent. No entrance fee is charged for admission to Moraine State Park.

The Act of 1966 provides, in pertinent part, as follows:

"The purpose of this act is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes. . . . [Section 1]

"Except as specifically recognized or provided in section 6 of this act, an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes. . . . [Section 3]

"Except as specifically recognized by or provided in section 6 of this act, an owner of land who either directly or indirectly invites or permits without charge any person to use such property for recreational purposes does not thereby:

"(1) Extend any assurance that the premises are safe for any purpose.

"(2) Confer upon such person the legal status of an invitee or licensee to whom a duty of care is owed.

"(3) Assume responsibility for or incur liability for any injury to persons or property caused by an act of omission of such persons. . . . [Section 4]

"Unless otherwise agreed in writing, the provisions of sections 3 and 4 of this act shall be deemed applicable to the duties and liability of an owner of land leased to the State or any subdivision thereof for recreational purposes." [Section 5]

It is the position of defendants that the Commonwealth of Pennsylvania comes under the provisions of the Recreation Use Act of 1966. Defendants contend that the Commonwealth is the possessor of a fee interest and in control of Moraine State Park, that no admission fee is charged and therefore no duty exists to keep the premises safe for entry or to give warnings of dangerous conditions or to extend any assurances to recreational users that the premises are safe for any purposes. There are no Pennsylvania cases on this issue.*

In order to determine whether or not the Commonwealth of Pennsylvania is covered by the Recreation Use Act of 1966, it is necessary to consider the changing history of Commonwealth liability. In 1966, when the Recreation Use Act was passed, sovereign immunity constituted the law in Pennsylvania. However, on July 14, 1978, the Pennsylvania Supreme Court abrogated this doctrine in Mayle v. Pa. Dept. of Highways, 479 Pa. 384, 388 A. 2d 709 (1978). In response to this decision, the

---

*Defendant, in part, bases its position on Hahn v. U.S., 493 F. Supp. 57 (M.D. Pa. 1980). We do not believe that this case involving federally owned lands is applicable or controlling.

Pennsylvania legislature passed Act 152, 42 Pa.C.S.A. §5110, which retroactively reinstated the law of sovereign immunity but specifically waived said immunity as to eight specific categories of claims: Vaughn v. Dept. of Public Welfare, 46 Pa. Commonwealth Ct. 101, 405 A. 2d 1119 (1979).

Subsection 5110(a)(4) of Act 152 provides for the waiver of immunity for "Damages caused by a dangerous condition of Commonwealth real estate and sidewalks including Commonwealth owned real property, leaseholds in the possession of the Commonwealth and Commonwealth real property leased to private persons and highways under the jurisdiction of Commonwealth. . . ."

The accident in these proceedings occurred after the Mayle decision but before the passage of Act 152. Therefore, under the Mayle decision, and also Act 152, sovereign immunity would not apply to the allegations set forth in the instant complaint. The issue is whether the Recreation Use Act of 1966 would exempt recreational land owned or managed by the Commonwealth from the ruling of the Mayle decision.

At the time the legislature passed the Recreation Use of Land and Water Act, soveriegn immunity was in force in the Commonwealth. Further, section 1 of the act, as quoted, supra, sets forth that the purpose of the legislation is to encourage owners of land to make their facilities available for recreational purposes and section 5 specifically includes land leased to the state or any subdivision thereof for recreational purposes. In view of the specific protection to owners leasing land to the state and the stated purpose of the legislation, it is apparent that this immunity was not directed to the Commonwealth itself.

In addition, the very title of the act, "An Act encouraging landowners to make land and water areas available to the public for recreational purposes by limiting liability in connection therewith," is not a classification directed to the Commonwealth.

Section 1921(c) of the Statutory Construction Act of 1972, 1 Pa.C.S.A. § 1921, states: "When the words of a statute are not explicit, the intention of the General Assembly may be ascertained by considering among other matters . . . (2) The circumstances under which it was enacted. . . ."

The "circumstances" in the instant proceedings would support the conclusion that the legislation at the time of its passage was not applicable to the Commonwealth itself. Further, Act 152 of 1978, which establishes a waiver of immunity for this type of claim, makes no reference to the Recreation Use Act. While Act 152 may not be applicable to the instant proceeding, the lack of any reference to the 1966 act may be considered in determining the scope of the earlier act. Because of the special character of Commonwealth owned property and of the Commonwealth as owner, it would be contrary to public policy, as set forth in the Mayle decision, to deprive recreational users of Commonwealth property protections against dangerous conditions on said property by implication.

Neither party to these proceedings has addressed the issue of the jurisdiction of the common pleas court to act in the instant proceeding. However, a court may raise sua sponte its own subject matter jurisdiction: McMahon v. Pa. Liquor Control Board, 42 Pa. Commonwealth Ct. 135, 400 A. 2d 255 (1979).

Section 931(a) of the Judicial Code, 42 Pa.C.S.A. § 931, provides as follows:

"(a) General rule.—Except where exclusive original jurisdiction of an action or proceeding is by statute or by general rule adopted pursuant to section 503 (relating to reassignment of matters) vested in another court of this Commonwealth, the courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas and actions pursuant to section 5110 (relating to limited waiver of sovereign immunity)."

The instant proceedings were started by a writ of summons, July 26, 1979, after the passage of Act 152 of 1978, which removed jurisdiction from the Commonwealth Court on claims of this nature. In addition, by appearing and asserting the defense of immunity, the Commonwealth, in effect, has waived jurisdictional defects in these proceedings: Demetriou v. Carlin, 47 Pa. Commonwealth Ct. 478, 408 A. 2d 565 (1979).

Based upon the above discussion, defendants' motion for summary judgment is denied.

## ORDER

And now, October 3, 1980, upon the motion for summary judgment of all defendants and after careful consideration of the arguments and briefs of counsel, it is hereby ordered, adjudged and decreed that said motion for summary judgment is denied.