**William Michael TERRY, Petitioner,**

v.

**STATE ATHLETIC COMMISSION, Respondent.**

No. 2069 C.D. 2004.

Commonwealth Court of Pennsylvania.

Argued March 3, 2005.

Decided April 12, 2005.

---

Dawn M. Sigyarto, Philadelphia, for petitioner.

Andrew Kramer, Harrisburg, for respondent.

BEFORE: SMITH–RIBNER, Judge, and FRIEDMAN, Judge (P.), and McCLOSKEY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

William Michael Terry, a professional boxer, petitions the Court for review of a State Athletic Commission (Commission) order affirming the decision of a boxing Referee to call a "knockout" in a scheduled four-round boxing match that took place in Philadelphia, Pennsylvania on Saturday, January 31, 2004. Petitioner was knocked out by his opponent, James Thompson, during round one of the match. Petitioner challenges the Commission's decision because Thompson allegedly used an illegal hold and punch immediately prior to the knockout.

Petitioner presents several novel questions for the Court's review. The issues essentially include whether the Commission (1) committed an error of law in refusing to overturn the knockout loss in contravention of rules and regulations governing professional boxing; (2) capriciously disregarded competent, unrefuted evidence in ruling that Thompson did not use an illegal hold and punch; (3) erred in ruling that Thompson did not commit fouls in violation of the Commission's Safety Code, 58 Pa.Code § 21.16, when he struck Petitioner on the back of the neck and held his right shoulder while striking him; and (4) erred in refusing to declare a "no contest."

I

The record establishes that Petitioner currently is licensed to box in Pennsylvania and that on January 31, 2004 he participated in a professional boxing match titled "Superbowl Brawl," which was held at the Adams Mark Hotel in Philadelphia. Petitioner entered the boxing match with a win/loss record of 1–0; however, he lost the match by a knockout one minute and 52 seconds into the first round of the four-round match when he failed to rise from the ring floor after the Referee allowed a ten-count recovery period. Pursuant to Commission regulations at 58 Pa.Code § 3.1, Petitioner requested the Commission's Executive Director, Gregory P. Sirb, to review actions taken relating to the contest, and he submitted a videotape of the match and written statements from himself and his manager, Marland Dubini Nance, calling attention to Thompson's allegedly illegal punch that preceded the knockout. Based on the videotape and review of the evidence, the Executive Di-

rector sustained the Referee's knockout decision and notified Petitioner by letter dated March 2, 2004.

Petitioner appealed the Executive Director's decision and requested a formal hearing before the Commission, which it conducted on June 28, 2004 before Charles Bednarik, the Commission's Chairperson, Humberto Perez, a Commissioner from Philadelphia, and Andrew DePaolo, a Commissioner from Pittsburgh, who participated by telephone conference call. The Commissioners present at the hearing viewed the videotape, and Commissioner DePaolo viewed it one month later. Thereafter, on August 23, 2004, Commissioners Bednarik and DePaolo voted to sustain the Referee's decision and to deny the appeal, with Commissioner Perez abstaining. The Commission pointed out in its adjudication that Petitioner did not appear for the hearing nor request a continuance.

Petitioner states in his statement of the case that he and his manager arrived at the Commission's office on North Third Street in Harrisburg one hour prior to the scheduled hearing and that they waited in the lobby for the Executive Director, who eventually arrived and announced that the hearing was over and that it had been held in the North Office Building. The Commission noted that Petitioner went to the Commission's offices instead of the North Office Building listed in the hearing notice and that Petitioner was given adequate notice of the hearing. It concluded that he was afforded an opportunity to be heard pursuant to requirements of Section 504 of the Administrative Agency Law, 2 Pa.C.S. § 504, and that after its review good cause existed to reaffirm the Referee's decision.

Petitioner maintains before this Court that a simple review of the evidence would demonstrate not only a lack of substantial evidence to support the Commission's adjudication but also that the Commission had no basis in the entire record to support its findings. In short, the Commission capriciously disregarded uncontradicted videotape evidence and the written statements from Petitioner and his manager, describing the sequence of illegal acts committed by Thompson and demonstrating that he held Petitioner behind his head and then struck him right in the back of his neck, which caused him to fall to the mat. The manager's statement indicated that he immediately sought to catch the Referee's attention. Petitioner is convinced that the videotape confirms these statements and shows a blatant foul committed by Thompson, and, consequently, he seeks a reversal of the decision, which would void the knockout loss and declare the match a "no contest."

Petitioner contends that the Commission failed to comply with all of the provisions of what the parties refer to as the Pennsylvania Athletic Code (Athletic Code), 5 Pa. C.S. §§ 101–2110, and with the Commission's regulations at 58 Pa.Code §§ 1.1– 31.24 [1] when it refused to reverse the knockout loss due to Thompson's illegal punch. Petitioner specifically claims that Thompson violated 58 Pa.Code § 21.16(b)(10) and (17), which prohibit hitting an opponent on the back of the neck and holding and hitting, and he argues that the Commission erred in refusing to enforce 58 Pa.Code § 21.5(k), which provides that if a boxer is knocked down due to an accidental foul or accident the boxer shall have up to five minutes to recover. The Referee gave Petitioner only a count

1. The regulation at 58 Pa.Code § 1.1(a) defines "Athletic Code" as 5 Pa.C.S. §§ 101– 2110.

of ten to recover, and when he failed to regain his feet the Referee declared Thompson the winner.

In reply, the Commission submits that a referee's decision, or call, must stand unless the evidence demonstrates that the referee's decision should be overturned due to referee fraud or other misconduct or the failure to follow the Athletic Code or Commission regulations in making a decision. The Commission cites Section 715 of the Athletic Code, 5 Pa.C.S. § 715, which governs boxing referees and judges and provides: "(a) At each professional contest or exhibition, ... there shall be in attendance, at the expense of the promoter, a duly licensed referee designated by the executive director, who shall direct and control the contest or exhibition." The Commission also cites its regulations that confer specific powers and duties upon a professional boxing referee, who must be at least twenty-one years of age and, among other things, be of good moral character and reputation and possess a level of intelligence and competency as a student of boxing that is satisfactory to the Executive Director. *See* 58 Pa.Code § 21.11(b).

■ The Commission stresses that the Commissioners are knowledgeable about professional boxing and that they correctly determined that Petitioner had been knocked down as a result of legal blows landed by Thompson. Meanwhile, the Referee provided Petitioner with a full ten-count recovery period as required by law, and he failed to rise from the ring floor at the end of the count. Inasmuch as no evidence existed of fraud or misconduct by the Referee or of illegal or unsportsmanlike conduct by Thompson, the Referee was justified in calling a valid knockout. The reviewing court should not inquire into the wisdom of the agency's actions in the absence of bad faith, fraud or capricious action or an abuse of power. *Khan v. State Board of Auctioneer Examiners*, 577 Pa. 166, 842 A.2d 936 (2004).

## II

The State Athletic Commission is an administrative agency of the Commonwealth operating within the Department of Revenue. *Hart v. Spectrum Arena, Inc.*, 15 Pa.Cmwlth. 584, 329 A.2d 311 (1974). It is responsible for regulating professional boxing and wrestling contests that are held in this Commonwealth as prescribed by the Athletic Code and Commission regulations. *See Tattrie v. Pennsylvania State Athletic Commission*, 104 Pa. Cmwlth. 243, 521 A.2d 970 (1987). This Court has appellate jurisdiction over all adjudications by the Commission pursuant to Section 763(a)(1) of the Judicial Code, 42 Pa.C.S. § 763(a)(1), and its review is governed by Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.[2]

■ The Safety Code at 58 Pa.Code § 21.16 provides that the Commission and the referees, participating athletes, all ring officials, managers and seconds shall be aware of all safety provisions applicable to boxing events and that "[t]he primary, in-

---

2. Section 704 of the Administrative Agency Law provides in part as follows:

The court shall hear the appeal without a jury on the record certified by the Commonwealth agency. After hearing, the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with law, or

that the provisions of Subchapter A of Chapter 5 (relating to practice and procedure of Commonwealth agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence.

escapable responsibility of the Commission will be the protection of the athletes under its jurisdiction...." Section 21.16(b) lists the fouls and other unsportsmanlike practices that are prohibited during boxing contests.[3]

After its careful review of the record, including the videotape, the Court is compelled to conclude that the record contains substantial evidence to support the Commission's determination to uphold the Referee's decision to declare a valid knockout in the first round of the match.[4] Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Peak v. Unemployment Compensation Board of Review,* 509 Pa. 267, 501 A.2d 1383 (1985). Whether viewing the videotape separately or in combination with the written statements from Petitioner and his manager, the Commissioners could reasonably accept the fact that Petitioner was knocked down from legal blows landed by Thompson rather

3. In particular, Section 21.16(b) provides:
   (b) The following fouls and other unsportsmanlike practices are prohibited in boxing contests in this Commonwealth:
   (1) Hitting below the belt.
   (2) Tripping.
   (3) Kicking.
   (4) Butting.
   (5) Kneeing.
   (6) Throttling.
   (7) Elbowing.
   (8) Striking with the head, shoulder or forearm.
   (9) Hitting with open glove, or the inside, side or wrist of the glove.
   (10) *Hitting on the back, especially the kidneys or back of the neck.*
   (11) Pivot blows.
   (12) Pressing the face of an opponent with arm or elbow.
   (13) Attacking while holding the ropes and making use of the ropes in any other unfair way for attack purposes.
   (14) Pressing the head of an opponent over the ropes or against the turnbuckles or ring posts.
   (15) Wrestling, lying on and throwing while in a clinch.
   (16) Attacking a fallen opponent.
   (17) *Clinching, holding or locking the arms or head of an opponent, pushing a stiff arm underneath an arm of the opponent, holding and hitting.*
   (18) Pulling and hitting.
   (19) Hitting on the break after a clinch.
   (20) Ducking low to up-end an incoming opponent.
   (21) Thumbing and gouging the eyes of an opponent, rubbing the face of an opponent with laces, adhesive tape or abrasive area of or substance on the gloves.
   (22) Use of an ointment, powder or other substance intended or likely to cause danger or discomfort to an opponent.
   (23) Biting. (Emphasis added.)

4. The Court of Common Pleas of Dauphin county examined the record in *Pennsylvania State Athletic Commission v. Moran,* 6 Pa. D. & C.2d 611 (1956), to determine whether sufficient evidence existed to support the Commission's findings involving revocation of the appellant's license as a boxing matchmaker and promoter due, in part, to his violation of the prohibition against representing boxers without a manager's license and the prohibition against an individual's having a financial interest in any boxer competing on premises owned or leased by the individual or in which that person otherwise was interested. The evidence showed, *inter alia,* that the appellant, hired as a matchmaker for Herman Taylor Sports Enterprises in Philadelphia, performed specific services while representing Harold Johnson, a boxer, without a manager's license and received money in connection with Johnson's matches in and outside of Philadelphia. Also the appellant received money from Herman Taylor Sports based on the size of the gate for the June 1952 Joe Walcott and Rocky Marciano championship fight held in Philadelphia, which fell within the prohibition against having an interest in the premises on which the match takes place. The trial court held, based on the evidence of record, that the Commission had a "perfect right" to conclude as it did. *Id.* at 620. Similarly, in the case *sub judice,* the Commission had a "perfect right" to conclude from its review of the videotape that Petitioner's knockout was not caused by an illegal punch.

than from a foul due to an illegal punch to the back of Petitioner's neck or a foul due to Thompson's holding down Petitioner's right shoulder while striking him in the back of the neck. No challenge was made to the Referee's qualifications and competency, and, accordingly, the Court must presume that he possessed the requisite knowledge and skill to referee the boxing match and must defer to his expertise and that of the Commission in the absence of "overwhelming evidence in favor of a contrary result...." *Peak*, 509 Pa. at 272, 501 A.2d at 1386 (citing *Treon v. Unemployment Compensation Board of Review*, 499 Pa. 455, 453 A.2d 960 (1982)).

Moreover, the Court is not persuaded by Petitioner's argument that the Commission capriciously disregarded competent and unrefuted evidence even if such standard applied here. In *Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe)*, 571 Pa. 189, 812 A.2d 478 (2002), the Pennsylvania Supreme Court held that a consideration of the capricious disregard of material, competent evidence is an appropriate component of appellate review in any case in which the question is properly raised before the court. The court stated, however, that this limited aspect of appellate review merely serves as a check on whether the agency conducted its adjudication within lawful boundaries rather than acting as an intrusion upon the agency's fact finding role and decision-making authority.

The Supreme Court reiterated in *Leon E. Wintermyer, Inc.* that when substantial evidence exists to support an agency's factual findings, which in turn support the agency's conclusions, it should be a rare instance where an appellate court disturbs the agency's adjudication based upon a capricious disregard of the evidence. Because this Court has held that the Commission's decision is supported by substan-

tial evidence in the record, no basis exists for holding that it capriciously disregarded competent, or material, and unrefuted evidence.

Next, the Court acknowledges the requirement under 58 Pa.Code § 21.16(a) for the Commission and others to be aware of all safety provisions, and based on the record the Court cannot say that the Referee failed to fulfill his responsibility when he called a knockout and ended the boxing match. As well, when a boxer is knocked out the referee shall count to ten to allow the boxer time to recover unless, in the referee's judgment, the boxer is in immediate physical danger in which case the referee may stop the count sooner. Section 718(a) of the Athletic Code, 5 Pa.C.S. § 718(a). If the boxer has not recovered before the count stops, the result is recorded as a knockout. A five-minute recovery time is allowed under 58 Pa.Code § 21.5(k), however, when a boxer is knocked down due to an accidental foul or accident, as ruled by the referee, but because the Referee here did not call an accidental foul or accident, Section 21.5(k) does not apply. Petitioner was entitled only to the ten-count period allowed under Section 718(a). These provisions are clear, and the Court sees no need to resort to rules of statutory construction to ascertain their meaning. *People United to Save Homes v. Department of Environmental Protection*, 789 A.2d 319 (Pa.Cmwlth.2001).

The evidence in this case is sufficient to support the Commission's findings which support its conclusion that the Referee was correct in declaring a valid knockout loss against Petitioner in his January 31, 2004 professional boxing match in Philadelphia. Under these facts, no basis existed for the Commission to declare a "no contest" in the match. Because the Commission committed no error of law or a

capricious disregard of the evidence, the Court must accordingly affirm.

## ORDER

AND NOW, this 12th day of April, 2005, the Court hereby affirms the order of the State Athletic Commission.