**James DEORIA, Petitioner**

v.

**STATE ATHLETIC COMMISSION and Harry Yorgey, Respondents.**

**Harry Joe Yorgey, Petitioner**

v.

**Pennsylvania State Athletic Commission, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 11, 2008.

Decided Dec. 8, 2008.

---

David Berlin, New York, NY, for designated petitioner, James Deoria.

Martha Herr Brown, Asst. Counsel, Harrisburg, for respondent, State Athletic Commission.

John P. O'Boyle, Scranton, for respondent, Harry Yorgey.

BEFORE: COHN JUBELIRER, Judge, and BUTLER, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

In these cross appeals, James Deoria (Deoria) and Harry Joe Yorgey (Yorgey) appeal from an order of the State Athletic Commission (Commission), which modified the terms of the parties' contract. We vacate.

This case involves a contract dispute between a professional boxer, Yorgey, and his manager, Deoria, both of whom are licensed by the Commission. On February 9, 2006, Yorgey and Deoria entered into a three-year boxer-manager contract, which was submitted to and approved by the Commission pursuant to Section 1104 of the Boxing Act, 5 Pa.C.S. § 1104, and Section 21.1(d) of the Commission's Professional Boxing Regulations, 58 Pa.Code § 21.1(d). The contract provides, in pertinent part:

> SECOND: The Manager agrees to pay the Boxer 60% (Must be at least 55%) of all sums of money derived by him from any services that the said Boxer may render hereunder. The Manager shall be responsible for all necessary training expenses incurred by the Boxer in the performance of his duties, and further agrees and guarantees said Boxer that the said 60% of the moneys to be paid to him as above provided shall in no year during the term of his contract be less than $2,000 Dollars (Not less than $1,000).

\* \* \*

FIFTH: The Boxer agrees that he will not, during this contract, take part in any contest or other exhibitions, or otherwise exercise his talent in any manner or place except as directed by the Manager, and will not allow his name to be used in any commercial enterprise whatsoever without first obtaining the written permission of his Manager so to do.

\* \* \*

NINTH: The Manager agrees to use his best efforts to secure remunerative contests and exhibitions for the Boxer.

\* \* \*

TWELFTH: In the event of an unresolved dispute between the foresaid Boxer–Manager, the Commission may intercede in said dispute and all decisions rendered by the Commission shall be binding on both parties.

Reproduced Record (R.R.) at 1.

Approximately two years after entering into the contract, a contract dispute arose between Yorgey and Deoria over Yorgey's career path and future fights. In January 2008, Yorgey entered into a contract with a promoter. Through the promoter, Yorgey was presented with the opportunity to fight Jason LeHoullier in a televised match on ESPN. Yorgey wanted to take part in the bout. However, Deoria did not approve the match-up believing LeHoullier to be an unsuitable opponent for Yorgey. Deoria instead secured a fight against James Moore, which Yorgey declined. Yorgey was advised not to return to Deoria's gym, where Yorgey had trained for over ten years at no cost, until they resolved their differences.

On February 21, 2008, Deoria and Yorgey and their attorneys met with the Executive Director of the Commission, Gregory P. Sirb, to discuss the disputed contract. Sirb upheld the boxer-manager contract, finding that Deoria had used his best efforts to secure remunerative contests and exhibitions for Yorgey. By letter dated February 22, 2008, Yorgey requested a hearing before the Commission on the basis that Deoria had breached the parties' contract. On May 7, 2008, a hearing regarding the boxer-manager contract was held before the full Commission.

Based upon the testimony and evidence presented, the Commission affirmed the decision of the Executive Director to the extent that the contract remains in effect in substantial part. However, the Commission modified the second and fifth provisions of the contract, finding it to be in the best interest of both parties to permit Yorgey to take part in any contests or exhibitions or otherwise exercise his talent *without* the approval of manager Deoria, so long as 15% of all fight purses is paid to Deoria under provision two of the contract. By order dated June 13, 2008, the Commission modified these two provisions of the contract and upheld the other provisions of the contract.

From this decision, Deoria and Yorgey each petitioned for review with this Court.[1] Deoria objected to the Commission's order on the ground that the Commission has no authority to amend or reform the contract between boxer and manager; in changing key terms of the contract to the detriment of Deoria, the Commission has committed an error of law. Yorgey objected on the

---

1. This Court has appellate jurisdiction over all adjudications by the Commission pursuant to Section 763(a)(1) of the Judicial Code, 42 Pa.C.S. § 763(a)(1), and its review is governed by Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Terry v. State Athletic Commission*, 873 A.2d 19 (Pa. Cmwlth.2005).

grounds that the contract is not valid and the Commission should have permitted Yorgey's counsel to cross examine Deoria.[2]

The matters were consolidated by order dated September 22, 2008; Deoria is the designated petitioner. The parties have raised the following issues for our review:

1. Does the Commission have the authority to change key terms of a contract between a boxer and his manager?
2. Whether the Commission has jurisdiction to resolve contractual disputes between managers and boxers?
3. Whether the Commission erred by not allowing Yorgey to cross examine Deoria and examine two other witnesses.
4. Whether the Commission erred by not invalidating the Yorgey–Deoria contract.

In addition to briefing the issues raised in the petitions for review, this Court directed the parties to brief the issue of whether the Commission has jurisdiction to resolve contractual disputes between boxers and managers, which is an issue of first impression for the Court. We shall begin our discussion with the issue of jurisdiction.

Deoria asserts that the Commission has no authority under the Boxing Act to resolve contract disputes between boxers and managers. Yorgey and the Commission both argue that the Commission has the authority where the parties have voluntarily agreed to arbitrate any controversies under the contract. We agree with Deoria's position.

■ The Commission is a departmental administrative commission under the Department of State with the same status under The Administrative Code of 1929 [3] as other departmental administrative commissions. Section 1 of the Act of January 24, 1956, P.L. (1955) 2049, 71 P.S. § 751–6. As a statutorily created agency of the Commonwealth, the Commission has only those powers expressly conferred upon it by statute or those powers which are necessarily implied from its express powers. *Demarco v. Department of Health,* 40 Pa. Cmwlth. 248, 397 A.2d 61 (1979) (Administrative agencies, being creatures of the legislature, are vested only with those powers conferred by the statute or such as are necessarily implied from a grant of such powers; where authority is conferred on such an extrajudicial body, the legislative grant of power to act in any particular case must be clear.); *Pennsylvania Human Relations Commission v. St. Joe Minerals Corp. Zinc Smelting Division,* 476 Pa. 302, 382 A.2d 731 (1978) (The power and authority to be exercised by administrative commissions must be conferred by legislative language clear and unmistakable. A doubtful power does not exist.). An agency must act within the strict and exact limits as statutorily defined. *Id.*

■ The Commission's powers and duties relating to the regulation of boxing

---

**2.** On July 21, 2008, Deoria filed an application for stay with the Commission seeking to stop the Yorgey–LeHoullier fight, which was scheduled for Friday, August 22, 2008 and was to be televised on ESPN. On August 19, 2008, the Commission denied Deoria's application for stay. Deoria also filed an emergency motion for stay with this Court. Arguments on the emergency motion were heard by this Court on August 21, 2008. By order dated August 21, 2008, we denied the application for failure to establish irreparable harm. A memorandum opinion in support of that order was filed August 22, 2008. *Deoria v. State Athletic Commission* (Pa.Cmwlth., No. 1266 C.D.2008, filed August 22, 2008).

**3.** Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §§ 51–732.

contests are prescribed by the Boxing Act, 5 Pa.C.S. §§ 301–1701, the preliminary provisions of the Athletic Code, 5 Pa.C.S. §§ 101–106, and related regulations. Pursuant to these powers and duties, the Commission is "granted sole control, authority and jurisdiction to issue, withhold, suspend or revoke any license or permit" provided for under the Boxing Act. Section 901 of the Boxing Act, 5 Pa.C.S. § 901. The Commission "[m]ay establish policy and shall promulgate rules and regulations regarding professional and amateur boxing contests and exhibitions held within this Commonwealth...." Section 103 of the Athletic Code, 5 Pa.C.S. § 103.

The Commission is also statutorily charged with governing the form, content and ultimate approval of boxer-manager contracts. Sections 1101–1104 of the Boxing Act, 5 Pa.C.S. §§ 1101–1104. The Commission must ensure that the contracts contain certain terms. Section 1103 of the Boxing Act, 5 Pa.C.S. § 1103. "Every contract ... shall contain provisions governing its duration, division of the boxer's purses and the minimum sum to be guaranteed annually to the boxer by the manager." Section 1103(a) of the Boxing Act, 5 Pa.C.S. § 1103(a). "Each contract shall further provide that the contract shall be automatically terminated if the license of either party is revoked by the commission or if the manager fails to renew his license within 30 days after its expiration. If the license of either party is suspended, the contract shall not be binding upon the other party during the period of the suspension." Section 1103(b) of the Boxing Act, 5 Pa.C.S. § 1103(b). All contracts must also contain a notice clause, which provides, "[t]his agreement is subject to the provisions of the Boxing Act of the Commonwealth of Pennsylvania and to the rules and regulations of the State Athletic Commission of Pennsylvania and to any future amendments of either of them."

Section 1102 of the Boxing Act, 5 Pa.C.S. § 1102.

The Commission has promulgated rules and regulations governing the form and content of all contracts. The regulations provide that contracts between boxers and managers "shall be signed on Commission-approved forms." 58 Pa.Code § 21.1(a). The regulations further provide that the "[p]arties to the contracts shall completely fulfill their contractual obligations or be subject to disciplinary action by the Commission. Parties to the contracts shall be subject to, but not limited to, the disciplinary provisions in Chapter 13 of the [Boxing Act] (relating to enforcement)." 58 Pa.Code § 21.1(c). If a boxer or manager is to be prevented from acting or performing professionally within this Commonwealth due to the revocation of his license, the contract between the boxer and manager shall be terminated as provided by Section 1103(b) of the Boxing Act. 58 Pa. Code § 21.1(k). If the license of either party is suspended, the contract will not be binding upon the other party during the period of the suspension. *Id.*

■ Despite these enumerated powers and duties, the Boxing Act is silent with regard to the Commission's jurisdiction to resolve or arbitrate contractual disputes. While contracts are subject to the approval of the Commission, neither the Boxing Act nor the rules and regulations of the Commission governing boxing give the Commission explicit or implicit jurisdiction or authority to resolve contractual disputes between boxers and managers. Pursuant to the Boxing Act, the only express authority for Commission hearings is in connection with a recommendation by the executive director regarding the suspension or revocation of a permit or license. Section 1301 of the Boxing Act, 5 Pa.C.S. § 1301. Yet, the Commission as-

serts that the grant of statutory authority is not needed as the parties agreed to the following provision in their contract:

> TWELFTH: In the event of an unresolved dispute between the foresaid Boxer–Manager, the Commission may intercede in said dispute and all decisions rendered by the Commission shall be binding on both parties.[4]

R.R. at 1. However, the Commission cannot adopt a power that is not conferred on it by the governing statute. Jurisdiction of the subject matter cannot be acquired through consent, waiver, or estoppel of the parties. *See Appeal of Bell*, 396 Pa. 592, 152 A.2d 731 (1959); *In re Borough of Valley–Hi*, 54 Pa.Cmwlth. 53, 420 A.2d 15 (1980).

While the parties have every right to agree to resolve disputes through private arbitration, the Commission itself is not authorized by law to be the arbitrator of such disputes.[5] Provision 12 of the parties' contract is vitiated by the Commission's lack of jurisdiction to intercede and resolve contractual disputes.

Accordingly, the order of the Commission is vacated.[6] The parties may seek to resolve their dispute through private arbitration if agreed to by both parties, or in the Court of Common Pleas.

### *ORDER*

AND NOW, this 8th day of December, 2008, the order of the Pennsylvania State Athletic Commission, dated June 13, 2008, is VACATED.

CONCURRING OPINION BY Judge COHN JUBELIRER.

I agree with the majority that the Boxing Act does not give the Commission the authority to resolve contract disputes between boxers and managers. However, I write separately to express my belief that the majority goes too far in deciding that parties cannot voluntarily agree to allow the Commission to resolve such disputes. While the contract in this case did contain a provision allowing the Commission to intercede in any unresolved disputes be-

---

4. This provision is a standard component on the Commission-approved contract forms, but is not required by the Boxing Act or the regulations. The Commission should provide notice to the parties entering such contracts as to which elements included on the Commission-approved form are required for approval and those which are not.

   While the Commission does not have explicit statutory authority to require arbitration for disputes arising from boxer-manager contracts, arbitration provisions are permitted, and even encouraged, in such contracts. An arbitration provision is recommended by the federal act governing boxing. *See* Section 6307a of the Professional Boxing Safety Act of 1996, 15 U.S.C. § 6307a. Section 6307a mandates the Association of Boxing Commissions (ABC) to develop and approve guidelines for minimum contractual provisions that should be included in boxing contracts. *Id.* "It is the sense of the Congress that State boxing commissions should follow these ABC guidelines." *Id.* Pursuant to this authority,

the ABC established a model contract. ABC's model contract includes an arbitration provision, which provides:

> ARBITRATION: If the state or tribal law does not grant the Commission the authority to arbitrate disputes under contracts between boxers and managers, the parties may, at their option, if both agree, submit such disputes to private arbitration. The parties are free to utilize the Commission as an arbitrator if the Commission becomes so authorized during the life of this contract.

ABC's MODEL BOXER/MANAGER CONTRACT (3RD–DRAFT). Had the Commission adopted this language, the parties would have proceeded to private arbitration.

5. While strong public policy considerations favor the Commission's arbitration of such disputes, such is a matter for the General Assembly, not this Court.

6. In light of this determination, we need not address the remaining issues.

tween the parties and render binding decisions, such provision was part of the Commission-approved standard contract which the parties were required to use. Under these circumstances, I do not believe that the parties can be said to have voluntarily agreed to this provision. Therefore, because the facts of this case do not require that we do so, I would not reach the question of whether parties to a contract between boxers and managers can voluntarily agree that the Commission could resolve contract disputes between them. Because, in my opinion, resolution of this issue is not necessary to decide this case, I believe the discussion in the majority opinion purporting to resolve this question is dicta.